NO. 07-01-0462-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 8, 2003



______________________________




MONSERATO PABLO GARZA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B12333-9603; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION (1)


 Appellant Monserato Pablo Garza perfected this appeal from a judgment revoking
his community supervision. He judicially admitted the State's alleged violations were true.
He asserts that the trial court abused its discretion in revoking his community supervision.
We affirm the judgment of the trial court. 

 Pursuant to a plea bargain, appellant was adjudged guilty in 1996 of the felony
offense of driving while intoxicated, third offense. He was sentenced to 10 years
confinement, suspended for 10 years of community supervision. 

 The State filed a Motion to Revoke Community Supervision on May 6, 1999.
Appellant pled true to the State's allegations and on August 23, 1999, the court continued
appellant on community supervision with the additional requirement that he be placed in
a substance abuse felony punishment facility (SAFPF). Appellant completed the treatment
program at the J. B. Wheeler SAFPF in Plainview, and the court ordered appellant's
release on or before August 30, 2000. The State filed a second Motion to Revoke
Community Supervision on August 30, 2001, and later an Amended Motion to Revoke
Community Supervision, on which the trial court held a hearing on October 15, 2001. 

 Appellant pled true to allegations he violated the terms of his community supervision
by possessing a controlled substance, operating a vehicle while intoxicated with alcohol,
using alcohol, cocaine and marijuana, failing to report to his community supervision officer,
failing to notify his community supervision officer of a change in address, violating his
curfew, failing to complete community service, failing to report an arrest to his community
supervision officer, failing to complete a community correction program, and failing to
attend required alcohol and substance abuse meetings. At the hearing appellant presented
the testimony of several witnesses, including appellant, as evidence that he would be a
good candidate for further rehabilitation and drug and alcohol counseling. 


 After the hearing was held and testimony heard, the court determined that appellant
had violated the terms of his community supervision as alleged in the State's amended
motion. The court revoked appellant's community supervision and imposed appellant's
original sentence of 10 years confinement in the Institutional Division of the Texas
Department of Criminal Justice. Appellant was credited with 146 days of time served.

 In a single issue appellant argues the trial court abused its discretion in revoking
his community supervision rather than modifying it to require intensive substance abuse
counseling.

 In a proceeding to revoke community supervision the burden of proof is on the State
to show by a preponderance of the evidence that the probationer has violated a condition
of community supervision, as alleged in the motion to revoke. Cobb v. State, 851 S.W.2d
871, 873 (Tex.Crim.App. 1993). Appellate review of a revocation order is limited to
determining whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d
492, 493 (Tex.Crim.App. 1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex.Crim.App.
1983). A trial court abuses its discretion when its action or decision is not within the zone
of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App.
1991) (op. on reh'g).

 As noted, appellant pled true to the violations alleged by the State as grounds for
the revocation of his community supervision. There is no indication in the record that his
pleas were involuntary. A defendant's plea of true to an alleged violation, standing alone,
is sufficient to support the revocation. Moses v. State, 590 S.W.2d 469, 470
(Tex.Crim.App. 1979). 

 Appellant argues that the evidence presented at the hearing that he was a good
candidate for rehabilitation and would "make the choices necessary to succeed at
rehabilitation" was uncontradicted. We do not agree. Granted, the testimony given by the
witnesses at the hearing was generally favorable to appellant, and the State did not present
contrary testimony. But the trial court certainly was free to take into account the evidence
concerning previous opportunities for rehabilitation afforded appellant. That evidence
included Paul Walker's testimony, in response to the court's questioning, that appellant had
completed a five-month program at Serenity Center, a treatment facility in Plainview, earlier
in 2001, and that appellant had previously been through the substance abuse felony
punishment facility (SAFPF). Moreover, none of the evidence offered by appellant vitiates
the trial court's findings that appellant violated the conditions of his community supervision.
Indeed, appellant's own testimony reaffirmed his written stipulation to the truth of the State's
allegations.

 The record of the proceedings does not reflect an abuse of discretion by the trial
court. We overrule appellant's issue and affirm the trial court's judgment.


 James T. Campbell

 Justice



Do not publish.
1. Tex. R. App. P. 47.4.



;                          07-05-0440-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 11, 2007
                                       ______________________________

RAUL GUTIERREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3707, 3663; HONORABLE RON ENNS, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          In two companion appeals Raul Gutierrez challenges his convictions for the felony
offenses of aggravated sexual assault and indecency with a child. The prosecutions arose
out of separate events against two related child victims. He presents three issues
challenging events during the victims’ testimony. His fourth issue challenges admissibility
of expert testimony from a sexual assault nurse examiner. We will affirm both judgments.
          Appellant was initially charged in March 2005 of sexually assaulting his five-year-old
cousin AH. This indictment contained two counts and was assigned cause number 3663. 
The cause number 3663 indictment alleged aggravated sexual assault of AH and that
appellant engaged in sexual contact by touching her genitals. A second indictment, filed
in May 2005 and assigned cause number 3707, contained four counts alleging aggravated
sexual assault of his nine-year-old cousin SH. Appellant pled not guilty in both cases and
they were consolidated for a jury trial held in October 2005. In cause number 3663 the jury
found appellant not guilty of aggravated sexual assault but guilty of indecency with a child. 
It assessed punishment at twenty years confinement. It found him guilty of all four counts
in cause number 3707 and assessed punishment at life imprisonment. 
          SH and AH were the State’s final two witnesses. Just before their testimony the trial
court advised counsel that he planned to instruct the jury that it was the court’s policy in all
cases where children had to testify “that a court-appointed CASA volunteer sit with the
child” and the jury was not to place any significance on that fact. Defense counsel
objected that “it’s a comment on the evidence” and would bolster the children’s testimony. 
He requested the children “come up there by themselves and testify.” The court overruled
the objection and instructed the jury as described,


 including the name of the CASA
volunteer. 
          Appellant presents two challenges to the trial court’s use of the CASA volunteer at
trial. Through his first issue appellant alleges a deprivation of his right of confrontation as
guaranteed by the Sixth Amendment to the United States Constitution and Article I, section
10 of the Texas Constitution. In his second issue appellant argues the trial court
improperly commented on the weight of the evidence through its procedure and improperly
bolstered the testimony of the witnesses. He also argues the trial court should have made
a finding the procedural modification was necessary before authorizing use of the CASA
volunteer. 
          Upon our review of the record, we find we are unable to consider appellant’s first
issue because his Sixth Amendment contention was not preserved for appeal.


 Appellant’s
objection to the presence of the CASA volunteer did not assert it would impair his right of
confrontation. See Mendez v. State, 138 S.W.3d 334, 340-42 (Tex.Crim.App. 2004) (most
constitutional rights are subject to preservation requirement of Rule 33.1); Parades v.
State, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004) (failure to object to testimony as
violation of Confrontation Clause waived complaint). See also Ramirez v. State, No. 02-06-0135-CR, 2004 WL 2997747 (Tex.App.–Fort Worth January 11, 2007, no pet.); Morris
v. State, No. 02-06-0136-CR, 2007 WL 80012 (Tex.App.–Fort Worth January 11, 2007, no
pet.); and Meeks v. State, No. 03-03-0509-CR, 2005 WL 1489593 (Tex.App.--Austin June
23, 2005, no pet.) (applying rule).


 
          Appellant next argues the procedure impermissibly bolstered the children’s
testimony


 and was effectively a comment on the evidence by the trial court.


 He contends
that by instructing the jury the volunteer was court-appointed it could have led the jury to
infer the judge’s endorsement of the testimony. Appellant cites article 38.05 of the Code
of Criminal Procedure, which directs judges to refrain from commenting on the weight of
evidence or making any remark calculated to convey to the jury the judge’s opinion of the
case. Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979). Appellant cites also Hoang
v. State, 997 S.W.2d 678 (Tex.App.–Texarkana 1999, no pet.), which describes improper
comments as including trial court statements implying approval of the State’s argument and
statements that, “however impartially they may have been made, may have led the jury to
infer the judge’s own opinion of the merits of the case.” Id. at 681. 
          We find neither the use of the court-appointed volunteer, nor the court’s instruction,
to be improper comments on the evidence. The court told the jury why the volunteer was
present and instructed them to place no significance on her presence. We do not agree
the instruction implied the court’s endorsement of the credibility of the six- and ten-year-old
witnesses, or otherwise conveyed the judge’s own opinion of the merits of the case. See
Conrad, 10 S.W.3d at 47 (rejecting a similar argument). We overrule appellant’s second
issue. 
          Appellant’s third issue assigns error to the trial court’s permitting SH to display a
cross during her testimony. He argues the error further deprived him of his right of
confrontation. As with his first issue, review of the record demonstrates the purported error
was not preserved for review.


 The third issue is overruled.
          In his final issue appellant challenges the admissibility of testimony of Becky O’Neal,
the sexual assault nurse examiner who examined AH. He argues the testimony was
inadmissible because it failed to meet the test for reliability of scientific testimony adopted
in Kelly v. State, 832 S.W.2d 568 (Tex.Crim.App. 1992), and included inadmissible
hearsay. We overrule the issue. 
          Appellant’s argument first focuses on O’Neal’s testimony relating statements AH
made at the time of her examination of the child. Review of the trial testimony reveals that,
in response to a question on cross examination by appellant’s counsel, O’Neal repeated
the testimony concerning the child’s statements to which appellant earlier had objected. 
Appellant having adduced the testimony, his hearsay objection is not preserved for review. 
Reyes v. State, 84 S.W.3d 633, 638 (Tex.Crim.App. 2002). 
          Appellant also presents argument addressing O’Neal’s opinion testimony explaining
why AH might not exhibit any physical evidence of some of the assaults she alleged. We
find that even assuming the admission of the testimony was error,


 it would not require
reversal of the trial court’s judgment, under the standard of Rule of Appellate Procedure
44.2(b). Under that standard we must disregard an error unless it affects a substantial
right. Id. A substantial right is affected when the error had a substantial and injurious effect
or influence in determining the jury's verdict. King v. State, 953 S.W.2d 266, 271
(Tex.Crim.App. 1997). The erroneous admission of evidence does not affect a defendant’s
substantial rights if after examining the record as a whole the reviewing court has a fair
assurance the error did not influence the jury, or had but a slight effect. Solomon v. State,
49 S.W.3d 356, 365 (Tex.Crim.App. 2001). 
          Appellant argues the unreliable expert testimony “wholly misguided the jury to its
verdict.” The record does not support the assertion. O’Neal’s opinion testimony concerned
the absence of physical evidence of penetration of a five-year-old. Appellant was not
charged with penetrating AH’s genitals and the jury acquitted him of the charge involving
penetration of her anus. As to AH, appellant was convicted only of indecency with a child. 

The record provides a fair assurance any error involved in the admission of the opinion
testimony did not influence the jury in reaching its verdict. We overrule appellant’s fourth
issue. Finding no reversible error, we affirm both judgments of the trial court. 
 
                                                                James T. Campbell

                                                                         Justice







Do not publish.