Albert STRONG, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–02–542–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

June 10, 2004.

**550**

Philip Thomas Cowen, Armando R. Villalobos, Villalobos Law Office, Brownsville, for appellant.

Yolanda De Leon, Dist. Atty., David W. Hartmann, Asst. County (Cr. Dist.) Atty., Gordon K. Lemaire, Asst. Dist. Atty., Brownsville, for appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and GARZA.

## OPINION

Opinion by Justice GARZA.

Appellant, Albert Strong Jr., was tried and convicted by a jury of two counts of aggravated sexual assault, and received a sentence of forty years in the Texas Department of Criminal Justice—Institutional Division and a $20,000 fine. He now appeals his conviction on eight issues: (1) a visiting judge, over objection by a defendant, may not hear the trial of a criminal cause; (2) appellant's right to due process was violated when the trial court instructed the State on how to properly introduce appellant's alleged prior inconsistent statement; (3) the trial court erred when it admitted prior-inconsistent-statement testimony; (4) the trial court erred when it admitted evidence seized from appellant's vehicle; (5) the failure of the state to disclose newly discovered evidence requires that appellant be granted a new trial; (6) the trial court's instruction to the

jury that sentences would run concurrently was reversible error; (7) the trial court erred in re-opening argument on punishment; and (8) the admission of numerous inflammatory photographs of the victim violated appellant's right to a fair trial. We overrule appellant on all eight issues and affirm the judgment of the trial court.

## Background

The victim, M. M., was found wandering the streets of Brownsville around 2 a.m. on the morning of June 12, 2002. She was naked from the waist down, shoeless, and crying. A married couple passing by in their car convinced her to come home with them. She told the couple that she had just been raped and had escaped from her attacker; the husband immediately contacted authorities. M.M. was taken to a hospital for an examination, and photographs were taken of her injuries. The investigating officer later took M. M.'s statement, which included a description of her assailant and his vehicle where she was attacked and repeatedly raped. She also stated that she had illegally entered the country from Mexico the day before, had run away from the establishment where she had intended to work, and had met appellant on the street. He had offered her a ride to Brownsville in order to help her find her way back to Mexico. M.M. claimed that she had never met appellant prior to that night.

The police officer drove M.M. around Brownsville and she identified several locations where she had been raped. After an anonymous tip to the police crimestopper's hotline identified appellant as M. M.'s assailant, the police set up a photographic line-up that included appellant's picture. M.M. identified appellant as her assailant. An arrest warrant was obtained, and appellant was arrested at his apartment in San Benito. His car was also seized and searched, and a bag of M. M.'s clothes was given to police by appellant's wife.

Appellant testified at trial that he had known M.M. for several months, as she had been in the country illegally for some time, and that they had been having an affair for several weeks. He claims she came to his apartment in San Benito on the night in question and they engaged in consensual sex, after which she left the apartment on her own. He heard nothing further about M.M. until the police came to his apartment several days later and arrested him.

## Visiting Judges

By his first issue, appellant argues that because his counsel objected to the appointment of a visiting judge to preside over his trial, the trial court had no authority to hear the case. Appellant acknowledges that section 74.053(b) of the government code, which permits civil litigants to refuse assignment of former judges automatically, does not apply to criminal defendants. TEX. GOV'T CODE ANN. § 74.053(b) (Vernon Supp.2004); *see State ex rel. Rodriguez v. Marquez*, 4 S.W.3d 227, 228 (Tex.Crim.App.1999) (orig.proceeding) (judge erred by removing himself pursuant to section 74.053(b) in a criminal case). Appellant also acknowledges that the *Garcia v. State* opinion from this Court upheld section 74.053(b) as constitutional under the equal protection clause. *Garcia v. State*, 877 S.W.2d 809, 811–12 (Tex.App.-Corpus Christi 1994, pet. ref'd). In *Garcia*, this Court concluded that the statute was rationally related to a legitimate state interest and as such could stand. *Id.* at 811. However, appellant argues that this emphasis on equal protection in *Garcia* was incorrect, and the true constitutional issue for our consideration is whether the legislature has the power to grant to others what it itself cannot do.

■ Appellant argues that because the legislature only has the constitutional power to establish new courts other than district courts, *see* TEX. CONST. art. V § 1, and district courts have exclusive jurisdiction of all actions except in certain specific cases, *see* TEX. CONST. art. V § 8, the legislature could not constitutionally create section 74.053(b) of the government code, because by invoking it a party can strip a court of its constitutionally-mandated jurisdiction. Appellant has confused the powers of an individual judge with the jurisdiction of a court. By invoking section 74.053(b), a party does not change or limit the jurisdictional reach of the district court, but merely exchanges one judge sitting in the court for another judge. *See* TEX. GOV'T CODE ANN. § 74.053(b).

Appellant also cites article 5, section 7 of the Texas Constitution in support of his constitutional argument against section 74.053(b), which notes that "each district judge shall be elected by the qualified voters at a General Election." However, this section also includes a grant of administrative power to the legislature, noting "the Legislature shall also provide for the holding of district court when the judge is absent, or is from any cause disabled or disqualified." TEX. CONST. art. V § 7. Section 74.053, which allows temporary judges to be appointed by the legislature and objected to by parties, is part of the legislature's procedural response to this constitutional grant of power. Moreover, this entire constitutional argument is misplaced as appellant has conceded that section 74.053(b) clearly only applies in civil cases, and any limitation or disapproval of this statute by this Court would not affect appellant's criminal appeal. Accordingly, we overrule appellant's first issue.

## Judicial Conduct

By his second issue, appellant argues that the judge abandoned his role as an independent arbiter and assisted the State with its prosecution by explaining how to present rebuttal evidence. Appellant claims that this assistance by the judge violates both his right to due process under the Fourteenth Amendment of the United States Constitution and to due course of law under article 1, section 19 of the Texas Constitution.

■ Article 38.05 of the code of criminal procedure requires that

In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible.

TEX.CODE CRIM. PROC. ANN. art. 38.05 (Vernon 1979). Comments from the bench must therefore be limited. However, in order to constitute reversible error, any unauthorized comments must be reasonably calculated to benefit the State or prejudice a defendant's rights. *See Guzman v. State*, 923 S.W.2d 792, 799 (Tex. App.-Corpus Christi 1996, no pet.) (judge's comment to defendant, "You're still a junkie, man," did not detrimentally affect defendant's rights); *Brokenberry v. State*, 853 S.W.2d 145, 153 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd) (judge's comments to the jury providing instructions and noting that defendant's objection was groundless failed to detrimentally affect defendant's rights). A judge can lawfully provide guidance and manage the presentation of evidence from the bench without abandoning his role as an independent arbiter. *See* TEX.R. EVID. 611(a) ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence.").

The testimony that is the source of this complaint occurred as follows. The State was about to present a witness who would rebut some of appellant's testimony. Out

of the presence of the jury, appellant objected under rule 613, arguing that he was not given the opportunity to deny or explain making the statement. *See* Tex.R. Evid. 613. The State argued that this was a rebuttal witness only and therefore such foundation was unnecessary. The judge replied that in accordance with rule 613 appellant should be called back to the stand to hear about the statement being used to impeach him and either explain or deny it. At this point, appellant's counsel objected and said he would instruct his client not to speak if recalled to the stand. The judge responded: "If you wish to resist your client going back on the stand, I will permit the State to put on the evidence independent of re-calling him to follow the provisions of Rule 613."

Appellant's counsel replied, "The court is telling the State to proceed how to [sic] get their evidence that should not be allowed in right now because of Rule 613. You are instructing the State to re-call my client, put him on the stand, and then that's how they can get it in." The judge answered:

> You have used the word 'instruct.' I think that's playing a little casual with accuracy. But nevertheless, it will either be that the State's rebuttal witness will be allowed to testify, although it might be inconsistent with the provisions of rule 613, or they can re-call your client and go through the procedures of rule 613. If [appellant] admits making a mistake, then the rebuttal evidence doesn't come in.

■ Under the rules of evidence and criminal procedure, a trial judge can make comments regarding whether or not testimony can be allowed. Tex.R. Evid. 611(a); Tex.Code Crim. Proc. Ann. art. 38.05 (Vernon 1979). The primary concern is whether the jury would be unfairly influenced by additional comments from the bench. *See*

*Guzman,* 923 S.W.2d at 799; *Brokenberry,* 853 S.W.2d at 153. These comments about the admissibility of the State's rebuttal witness were made outside the presence of the jury. Therefore, this concern is rendered moot. Furthermore, the statements from the bench do not indicate any assistance was given to the State. The judge was presented with an admissibility question under rule 613 and made a decision which left appellant with the choice of returning to the stand to preclude the testimony of the State's witness or remaining silent and relying on his original statement. Thus, we find no error in the trial judge's comments to counsel outside of the presence of the jury. Appellant's second issue is overruled.

### Admission of Impeachment Testimony

By his third issue, appellant claims that the admission of testimony from Arturo Cariaga, which impeached appellant's own prior statement, violated rule 613 and harmed appellant such that he is entitled to a new trial.

■ Under the rules of evidence, a prior inconsistent statement of a witness may not be admitted until the witness is told the contents of the prior statement as well as the time and the place and the person to whom it was made, and is given an opportunity to explain or deny the statement. Tex.R. Evid. 613(a); *Alvarez–Mason v. State,* 801 S.W.2d 592, 595 (Tex. App.-Corpus Christi 1990, no pet.). However, when the out-of-court statement is made not by a witness but by a party, rule 613 no longer applies, contrary to the argument of appellant. Such statements are actually governed by rule 801(e)(2)(A), which provides that a statement is not hearsay if it is offered against a party and is that party's own statement. *See* Tex.R. Evid. 801(e)(2)(A). This rule, and not rule 613, applies because "out-of-court state-

ments of a party differ from the out-of-court statements of non-parties, and raise different evidentiary concerns." *Trevino v. State,* 991 S.W.2d 849, 853 (Tex.Crim. App.1999). A party's own statement inculpating himself are admissible as non-hearsay "on the logic that a party is estopped from challenging the fundamental reliability or trustworthiness of his own statements." *Id.*

■ Cariaga, the State's impeachment witness, testified that Strong had come to work the day after the rape allegedly occurred and described to his co-worker picking up a girl, driving her to Brownsville and having rough sex with her in his vehicle. Cariaga also testified that appellant described the car seat which he claimed was broken by the vigorousness of the encounter. This testimony reflected major portions of M. M.'s testimony and was inconsistent with appellant's own description of the evening. Appellant had previously testified that on the evening in question, he had been drinking with several friends from work and then engaged in consensual sex with M.M. in his apartment. However, appellant's out-of-court statement to Cariaga, when repeated by Cariaga in court and under oath, was clearly not hearsay and thus its admission, even though erroneously described by the trial judge as occurring under rule 613, was proper under rule 802(e)(2)(A) and did not violate appellant's constitutional rights.

We conclude that Cariaga's testimony regarding appellant's statement was permissible under rule 801(e)(2)(A). Accordingly, we overrule appellant's third issue.

### Automobile Search

Appellant argues by his fourth issue that the trial court erred in overruling his motion to suppress and admitting evidence illegally seized from his automobile as a search incident to arrest. He claims this could not have been a search incident to arrest as he was not in the vehicle and the vehicle was parked when the arrest occurred. Also, the vehicle was not searched at the scene of the arrest but rather was impounded by the Brownsville Police Department and searched several days later. A yellow t-shirt, which M.M. identified as belonging to her assailant, was seized from the vehicle and admitted as evidence.

■ The decision whether to admit evidence lies in the sound discretion of the trial court. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App.1996). The trial court may accept or reject any or all of a witness's testimony or evidence offered in making this decision. *Alvarado v. State,* 853 S.W.2d 17, 23 (Tex.Crim.App.1993).

■ In reviewing a trial court's decision, this Court does not engage in its own factual review but rather determines only whether the record supports the trial court's findings. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990). This Court will view the record evidence and all reasonable inferences drawn therefrom in the light most favorable to the trial court's ruling on a motion to suppress. *Villarreal,* 935 S.W.2d at 138. We will sustain the trial court's ruling if it is reasonably supported by the record and is correct on any applicable theory of law. *Id.*

■ While a warrantless search is presumptively unreasonable under the fourth amendment, *see Horton v. California,* 496 U.S. 128, 133 n. 4, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990), the rule is well-established that failure to obtain a search warrant is excusable under both the United States and Texas Constitutions where the search is incident to a lawful arrest. *See Clark v. State,* 548 S.W.2d 888, 889 (Tex.Crim.App.1977). Officers are entitled to search the area within the arrestee's

immediate control for weapons or evidence. *See Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). As part of this exception to the warrant requirement, when a lawful arrest of a vehicle's occupant has been made, the police may search the passenger compartment of that vehicle as incident to arrest. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *Gary v. State,* 647 S.W.2d 646, 647 (Tex.Crim.App. 1982). The arrested party does not have to actually be in the car at the moment of arrest; the police can conduct this search when the arrested party was a recent occupant of the vehicle at the time of the arrest. *Thornton v. United States,* —— U.S. ——, 124 S.Ct. 2127, 2131–132, 158 L.Ed.2d 905 (2004); *State v. Kelly,* 963 S.W.2d 866, 869 (Tex.App.-San Antonio 1998, no pet.); *Pettigrew v. State,* 908 S.W.2d 563, 570 (Tex.App.-Fort Worth 1995, pet. ref'd). However, the search must occur contemporaneously with the arrest. *Stoner v. California,* 376 U.S. 483, 486, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964); *Stine v. State,* 787 S.W.2d 82, 85–86 (Tex. App.-Waco 1990, pet. ref'd).

■ The State does not dispute the fact that the search of the car and subsequent seizure of appellant's t-shirt occurred significantly after the arrest. Thus, it was error for the trial court to admit the t-shirt into evidence as it was not lawfully obtained during a search incident to arrest and its admission constitutes a violation of appellant's fourth amendment rights. However, the State argues that any error in admitting the t-shirt was harmless.

■ In conducting a harmless error review, we will reverse the judgment of the trial court when we find that a constitutional error contributed to the conviction or punishment of the defendant. TEX. R.APP. P. 44.2(a); *see Hernandez v. State,* 60 S.W.3d 106, 108 (Tex.Crim.App.2001) (holding that the harm analysis of rule 44.2(a) was required to analyze the erroneous admission of evidence obtained in violation of the Fourth Amendment). In assessing the likelihood that the jury's decision was adversely affected by the error, the appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error. *See Motilla v. State,* 78 S.W.3d 352, 355 (Tex.Crim. App.2002).

■ At trial, appellant's t-shirt was used to show that appellant was in fact M. M.'s assailant. M.M. had, however, already identified appellant separately in a photographic line-up and in court. The t-shirt thus was not used except to further support the identification of appellant by M. M. Its inclusion was not necessary to the State's case. Appellant's own version of events, that claimed he and M.M. had engaged in consensual sex multiple times, provides an alternative and plausible reason why M.M. could identify the shirt as belonging to him: she had seen him wearing it before. As the t-shirt was not especially probative or helpful evidence, it was not particularly emphasized by either party at trial, and the State relied on other evidence to meet its burden of proof.

Having fully considered the effect and use of the t-shirt, we must conclude that the error in its admission was harmless. Therefore, we overrule appellant's fourth issue on appeal.

### Newly Discovered Evidence

By his fifth issue, appellant argues that newly discovered evidence that the State failed to disclose prior to trial requires that he be granted a new trial.

According to the code of criminal procedure, "A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." TEX.CODE CRIM. PROC. ANN. art. 40.001 (Vernon Supp.2004); *see Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (suppression of evidence favorable to the accused is a due process violation). The party who moves for a new trial based on newly discovered evidence must satisfy a four-part test: (1) the newly discovered evidence was unknown or unavailable to the movant at the time of his trial; (2) the movant's failure to discover or obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result in another trial. *Keeter v. State,* 74 S.W.3d 31, 36–37 (Tex.Crim.App.2002); *Henderson v. State,* 82 S.W.3d 750, 755 (Tex.App.-Corpus Christi 2002, pet. ref'd).

The trial court has the discretion to determine whether newly discovered evidence should result in a new trial, and its decision will not be disturbed on appeal absent a showing of abuse of discretion. *Keeter,* 74 S.W.3d at 37. This Court therefore cannot substitute its judgment for that of the trial court, but rather must examine the record to determine whether the trial court refused to grant the new trial without reference to any guiding rules or principles. *See State v. Blanco,* 953 S.W.2d 799, 801 (Tex.App.-Corpus Christi 1997, pet. ref'd).

Appellant here argues that a sexual device found in the bag containing M. M.'s clothing given to detectives by appellant's wife at the scene of appellant's arrest qualifies as newly discovered evidence. The sexual device was never mentioned by the custodian of the evidence when he testified at trial and was not listed on the police record admitted into evidence that reportedly listed all items found. The State photographed the complete contents of the bag, including the device, but admitted it chose not to use those photographs at trial. Prosecutors claimed they had no knowledge of the device and had never noticed it in the bag of evidence prior to closing arguments.

It is clear from the record that the second prong of the test can be satisfied by appellant, as it was not a lack of diligence on his part that kept him from obtaining or discovering the device. *Keeter,* 74 S.W.3d at 36. However, appellant is unable to satisfy any of the remaining three prongs of the *Keeter* test for a new trial. Appellant argued in his motion for a new trial that the sexual device would have been used to "corroborate the defendant's testimony of his relationship with the victim and/or to impeach the officers regarding their collection of evidence and their holding of the evidence in secure lockers." His only arguments for the admission of the evidence were based on using it to impeach or corroborate. This fails the third prong of the *Keeter* test, i.e., the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching. *Id.* at 37. This would also fail the fourth prong, i.e., the new evidence is probably true and will probably bring about a different result on another trial, because it would be impossible to conclusively trace the device to M.M. as it was obtained from appellant's wife, and it would not change the result of the trial if admitted. *Id.* M. M.'s testimony was that she was raped repeatedly and fled the car half-dressed; the presence or absence of a sexual device would not change any aspect of that story. Finally, the first prong, i.e., the newly discovered evidence was un-

known or unavailable to the movant at the time of his trial, was not satisfied. *Id.* at 36. If appellant attempted to use the device as evidence of his consensual sexual relationship with M. M., he would have to explain that he knew of or used the device with her. *See Molinar v. State*, 910 S.W.2d 572, 583 (Tex.App.-El Paso 1995, no pet.) (if the newly discovered evidence is to be believed, appellant must have had personal knowledge of it before trial, meaning it could not then be newly discovered). This argument would require him to admit that the device was not unknown to him at the time of trial and he would fail the first prong.

Given appellant's failure to satisfy the test for newly discovered evidence, we find no abuse of discretion by the trial court and accordingly, overrule appellant's fifth issue.

### Jury Instructions

By his sixth issue, appellant argues that the trial court's instruction to the jury that appellant's sentences would run concurrently constitutes reversible error.

The rule for communications between a judge and jury regarding concurrent and consecutive sentencing is controlled by *McGowan v. State*, 664 S.W.2d 355, 358 (Tex.Crim.App.1984). In *McGowan*, the Texas Court of Criminal Appeals held that such communication, "although not made in compliance with provisions of the statutes, which does not amount to an additional instruction by the court upon the law or some phase of the case, does not constitute reversible error." *Id.; see also Haliburton v. State*, 578 S.W.2d 726, 729 (Tex.Crim.App.1979). In *Haliburton*, the court explained its reasoning further:

> Knowledge that the sentences would run concurrently is a two-edged sword. The information could have been used to increase the punishment or, just as easily,

used to reduce the number of years to reduce excessive punishment. We cannot determine from the record which path the jury took and, with these alternatives, harm will not be presumed.

*Haliburton*, 578 S.W.2d at 728.

Appellant, relying on *Gordon v. State*, 633 S.W.2d 872, 878 n. 16 (Tex.Crim.App. 1982), challenges the court's response to a question sent out by the jury after it had begun deliberations. The note read: "Will the sentences run concurrently or subsequently—consecutively?" Over the objection of appellant, the trial court answered, "The sentences will be served concurrently."

 The court's answer was clearly in accord with the instructions found not to constitute reversible error in *McGowan* and *Haliburton*. Also, the *Gordon* decision upon which appellant relies actually applied the rule of *Haliburton* and provides no further reason as to why we should reverse on these grounds. *Gordon*, 633 S.W.2d at 879. Therefore, we refuse to presume harm and overrule appellant's sixth issue.

### Reopening of Argument

Appellant argues in his seventh issue that the trial court erred in re-opening argument on punishment. The trial court followed up on its oral response to the jury's question on whether appellant's sentences would run consecutively or concurrently by briefly re-opening argument by counsel. Counsel for each side was able to present brief arguments to the jury regarding appropriate punishment.

 Under Texas criminal procedure, once the jury has been charged, "no further charge shall be given to the jury unless ... the judge shall, in his discretion, permit the introduction of other testimony." TEX.CODE CRIM. PROC. ANN. art.

36.16 (Vernon 1981). Because the decision of whether to re-open a case lies within the sound discretion of the trial court, we will review the decision for abuse of discretion. *Zayas v. State,* 972 S.W.2d 779, 792 (Tex. App.-Corpus Christi 1998, pet. ref'd).

When the trial court was considering re-opening argument from counsel regarding the concurrently-running sentences, counsel for appellant argued in favor of either not answering the jury's instruction or having additional argument. Counsel for appellant specifically stated, "Without me having the opportunity to clarify that issue based on the new instructions we have not been able to argue to the jury, I feel that would be prejudicial to my client, and I would object to it. Or in the alternative, allow me to reargue the case." The judge did allow counsel opportunity for re-argument, which counsel acted upon.

It is clear from the record that counsel for appellant made no objection to the trial court's re-opening of argument and in fact suggested this alternative to the court. This precludes appellant from arguing on appeal that the trial court's decision was error. *See Prystash v. State,* 3 S.W.3d 522, 531 (Tex.Crim.App.1999) ("If a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error."). Counsel also failed to properly preserve this complaint for appeal, having made no objections on point. *See* Tex.R.App. P. 33.1. Therefore, this objection was not properly preserved at trial, and argument is now waived. Appellant's seventh issue on appeal is overruled.

### Admission of Photographic Evidence

By his eighth issue, appellant argues that the trial court erred by admitting several photographs of the victim's injuries in violation of the rules of evidence.

An appellate court reviewing a lower court's ruling on the admissibility of evidence must apply an abuse of discretion standard of review. *Santellan v. State,* 939 S.W.2d 155, 172 (Tex.Crim.App.1997). A gruesome or inflammatory photograph of a victim is not rendered inadmissible as evidence simply because of its emotional effect on the jury; instead, the controlling factor on admissibility is whether the probative value of the photograph as evidence outweighs its potentially prejudicial effect, which the trial judge has the discretion to determine. Tex.R. Evid. 403; *see Fuentes v. State,* 846 S.W.2d 527, 529 (Tex.App.-Corpus Christi 1993, pet. ref'd). Factors that the court should consider in making this determination include the number of photographs offered, their gruesomeness, their detail, their size, whether they are in color or in black and white, whether they are close-up shots, whether the body is naked or clothed, the availability of other means of proof, and other circumstances unique to the individual case. *Santellan,* 939 S.W.2d at 172; *Morales v. State,* 897 S.W.2d 424, 428 (Tex.App.-Corpus Christi 1995, pet. ref'd). Probative value is established if the photograph is needed to support the observations and conclusions of medical examiners or to otherwise corroborate evidence presented at trial. *See Lewis v. State,* 505 S.W.2d 603, 604 (Tex. Crim.App.1974). Sufficient probative value may also be established if the photographs are few in number, depict the wounds inflicted, and were the subject of testimony at trial. *Williams v. State,* 958 S.W.2d 186, 196 (Tex.Crim.App.1997).

Appellant objected to four photographs, all of which depict injuries to M. M.'s genital area. He did not object to a fifth photograph showing the same injuries. The photographs were of average size, in color, and few in number. These injuries had been testified to by M. M., but

because they had healed by the time of trial, there were no other available means to demonstrate that they had been sustained, as no other witnesses testified to having observed the injuries. While M.M. was naked in the photographs and the pictures were close-up shots, this was necessary given the nature of the injuries, i.e., a series of bites on the genital area. *See Ashcraft v. State*, 918 S.W.2d 648, 655–56 (Tex.App.-Waco 1996, pet. ref'd) (admission of photographs of genitals to show injury from sexual assault was not a rule 403 violation). Thus, we find that the probative value of these four photographs outweighs their potentially prejudicial effect, and the trial court did not abuse its discretion by allowing their admission into evidence. Accordingly, appellant's final issue is overruled, and we affirm the judgment of the trial court.