NUMBER
13-99-002-CR,13-99-003-CR,13-99-004-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

JUAN JOSE SOULAS,                                                                      Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 214th
District Court

                                        of
Nueces County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 








Appellant, Juan Jose Soulas, appeals his conviction
for two counts of intoxication manslaughter and one count each of intoxication
assault and aggravated assault.  This
Court originally found the evidence to be legally insufficient to support the
verdict, reversed the conviction and rendered an acquittal.  See Soulas v. State, Nos. 13‑99‑002‑CR,
13‑99‑003‑CR and 13‑99‑004‑CR, 2000 Tex.
App. LEXIS 3132, at *8 (Tex. App.BCorpus Christi May 11, 2000, pet. granted) (not
designated for publication).  On petition
for discretionary review, the Texas Court of Criminal Appeals reversed our
decision and concluded that this Court had improperly applied the standard of
review for legal sufficiency and, furthermore, that the evidence was legally
sufficient to support the verdict.  See
Soulas v. State, Nos. 1730-00, 1731-00 and1732-00 (Tex. Crim. App. October
23, 2002) (not designated for publication). 
The court of criminal appeals remanded the case back to this Court for
consideration of appellant=s remaining points of error, which we now address. 

Appellant raises three remaining issues on appeal:
(1) the evidence is factually insufficient to support the verdict against
appellant for intoxication manslaughter, (2) the evidence is legally and
factually insufficient to support appellant=s
conviction for aggravated assault and intoxication assault, and (3) the trial
court erred in denying appellant=s motion for a new trial based on newly discovered
evidence.  We affirm.

Intoxication Manslaughter

Appellant complains that the trial court erred by
ruling that the evidence was factually sufficient to support his conviction for
two counts of intoxication manslaughter. 
Specifically, he alleges that the evidence did not conclusively
establish that he was the driver of the car that caused the accident.[1]








A reviewing court, in conducting a factual
sufficiency review, must ask whether a neutral review of all the evidence both
for and against the finding demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof.  See Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  In conducting a factual sufficiency review, Aan appellate court reviews the fact finder's
weighing of the evidence and is authorized to disagree with the fact finder's
determination."  Clewis v. State,
922 S.W.2d 126, 133 (Tex. Crim. App. 1996). 
The appellate court, however, must employ appropriate deference in order
to avoid substituting its judgment for that of the fact finder, and its
evaluation must not intrude upon the jury=s role as the judge of the weight and credibility
given to witness testimony.  See Jones
v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).  In cases involving circumstantial evidence,
it is the jury, not a reviewing court, that accepts or rejects reasonably equal
competing theories of causation.  See
Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001).  

Appellant was convicted on two charges of
intoxication manslaughter in the deaths of Diana Escobar and Carol Cantu, who
were both killed in a two-car automobile accident.  The following evidence led to the conviction.








At approximately 9:30 p.m. on December 30, 1996,
appellant=s Dodge Spirit ran a two-way stop sign at the intersection
of two roads in Nueces County, Texas. 
The Dodge collided with the driver=s side of Carol Cantu=s
Toyota Tercel.  The impact sent both cars
into an adjacent field.  Carol, who was
driving the Toyota, died instantly from a broken neck.  Her passenger and brother, Juan Cantu, was
injured but able to extricate himself from the car.  He testified that he saw an injured, bleeding
woman on the ground several feet away from the passenger side of the
Dodge.  This woman was Diana Escobar, who
later died from her injuries. 

A motorist who witnessed the collision and stopped
to assist testified that she saw  Diana
lying on the ground about ten to fifteen feet away from the passenger side of
the Dodge and appellant lying near a culvert twenty feet away from the driver=s side. 
Another witness made similar observations, adding that appellant smelled
of alcohol and had a red indentation in his chest.  The first police officer to arrive at the
scene testified as to the position of Diana on the passenger side and appellant
on the driver=s side and also noted that the Dodge=s driver=s side air-bag had deployed.  The officer also testified that when he
arrived at the scene, AI was approached by a female who said that she did
witness the accident, and she told me that there was a male lying by a concrete
culvert that was the driver.@[2]  This female
witness, however, was not identified and did not testify at trial.  The paramedic who treated appellant on the
scene reported that appellant had suffered a broken neck and two broken legs,
was extremely uncooperative, and smelled of alcohol. 








Two state troopers testified about the scene of the
accident, noting that both vehicles were upright and did not appear to have
rolled over during the collision.  One
officer, State Trooper Mark Ellison, also testified that, according to their
driver licenses, Diana was shorter than appellant, and that the passenger seat
was pulled closer to the dashboard than was the driver=s seat, implying that the shorter individual was
sitting there.  He also observed that
appellant=s face showed signs of having been abraded or
burned, as if by the deployment of an air-bag. 
The only air-bag to deploy in the Dodge was on the driver=s side. 

Trooper Ellison also testified that, in his
experience, when vehicle occupants are ejected during a collision, the driver
typically lands on the driver=s side of the car and the passenger lands on the
right side, unless the car rolls from the collision=s impact. 
There was no evidence that the cars had rolled.  Trooper Ellison reported interviewing
appellant in the hospital, where appellant admitted to having been drinking but
denied being the driver of the car. 
Appellant allegedly told the trooper that he had been out drinking, had
met a Achick@ while out, and they had been driving to her house
in his car.  

There were no witnesses at trial who testified to
having seen Soulas driving the car or to having seen him thrown from the driver=s side during the accident.  The defense argued that Diana, not Soulas,
was driving at the time of the wreck and, in support of this theory, presented
testimony from an expert in accident reconstruction, who argued that both
appellant and Diana exited the car from the passenger side during the collision
but, based on their positions outside the car, Diana had been the driver.  

The jury clearly disagreed with this interpretation
of events and, in its evaluation of the evidence, determined that appellant had
been the driver of the Dodge.  See
Johnson, 23 S.W.3d at 11.  We have
reviewed all of the evidence and conclude that this outcome is not so obviously
weak as to undermine confidence in the jury's determination.  See Johnson, 23 S.W.3d at 11. The
circumstantial evidence in this case could have led a rational jury to
determine beyond a reasonable doubt that appellant was driving the Dodge.  Appellant=s
first issue is accordingly overruled.  

Assault








Appellant argues in his second issue that the trial
court erred in concluding that the evidence is legally and factually sufficient
to support his conviction for aggravated assault and intoxication assault on
Juan Cantu.[3]  Specifically, appellant contends that the
element of Aserious bodily injury@ was
not established.[4]  

We first analyze the evidence for legal
sufficiency.  We must view the evidence
in the light most favorable to the verdict and then determine whether any
rational trier of fact could have found all the essential elements of the
offense proven beyond a reasonable doubt. 
See Threadgill v. State, 146 S.W.3d 654, 663 (Tex. Crim. App.
2004).  If we conclude that the evidence
is legally sufficient to support the judgment, we then review all of the
evidence for factual sufficiency.   See Johnson, 23 S.W.3d at 11; Dornbusch
v. State, 156 S.W.3d 859, 867-68 (Tex. App.BCorpus
Christi 2004, no pet.). 

ASerious bodily injury@ is
defined as Abodily injury that creates a substantial risk of
death or that causes death, serious permanent disfigurement, or protracted loss
or impairment of the function of any bodily member or organ.@ Tex. Pen.
Code Ann. ' 1.07(a)(46) (Vernon Supp. 2004-05).  While appellant concedes that Juan suffered
bodily injury, he disagrees that the additional elements of serious bodily
injury were established.








Juan testified that he Afelt deformed in his face@ after the accident. 
In addition to various superficial cuts, scrapes and bruises, he
suffered an Aorbital blowout@ in his left eye, which required surgery and the
insertion of a metal plate in his eye socket. 
His hip was permanently indented, possibly from being pressed against
the seat belt.  Juan=s two front teeth were both cracked, and he
underwent extensive dental work to repair the injuries and replace the teeth. 

Juan also testified that months after the accident
he Astarted experiencing some sharp jolts of pain on my
left side of my hip . . . it just felt like glass piercing me@ whenever he stood or turned.  He also continued to have Asharp pains to the left side of my head,@ Aextreme dizziness every once in awhile,@ and spontaneous twitching in his left eyelid.   He also bore scars from surgeries he had
undergone and had a permanent indentation in the side of his head, in addition
to the indentation in his hip.

These injuries have clearly caused permanent
disfigurements to Juan=s body and have also affected the functioning of
various body parts.  We have reviewed all
the evidence for legal sufficiency and conclude that the element of serious
bodily injury was adequately established by the prosecution so as to survive
this challenge on appeal.  See
Threadgill, 146 S.W.3d at 663.  For
factual sufficiency, we have also considered whether the evidence regarding
serious bodily injury is so weak as to undermine confidence in the verdict, and
we conclude it is not.  See Dornbusch,
156 S.W.3d at 867-68.  Accordingly,
appellant=s second issue is overruled. 

Newly Discovered Evidence








In his third point of error, appellant contends that
the trial court erred and abused its discretion in denying his motion for new
trial based on newly-discovered evidence. 
Appellant=s attorney claims that following appellant=s conviction, he was contacted by a witness who
reported seeing Diana Escobar driving a car with appellant as a passenger
several hours before the accident. 
Appellant argued at the motion for new trial hearing that this evidence
established that he had not in fact been the driver of the Dodge Spirit when
the collision occurred.  The trial court
denied appellant=s motion for new trial.

The standard for determining whether
newly-discovered evidence merited a new trial utilizes a four‑part test
that the movant must satisfy:  (1) the
newly discovered evidence was unknown or unavailable to the movant at the time
of his trial; (2) the movant's failure to discover or obtain the evidence was
not due to a lack of diligence; (3) the new evidence is admissible and is not
merely cumulative, corroborative, collateral, or impeaching; and (4) the new
evidence is probably true and will probably bring about a different result on
another trial.  Keeter v. State,
74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002); Strong v. State, 138 S.W.3d
546, 556 (Tex. App.BCorpus Christi 2004, no pet.).  The trial court has discretion to decide
whether to grant a new trial based upon newly discovered evidence, and its
ruling will not be reversed absent an abuse of discretion.  See Keeter, 74 S.W.3d at 37.  This Court therefore cannot substitute its
judgment for that of the trial court, but rather must examine the record to
determine whether the trial court refused to grant the new trial without
reference to any guiding rules or principles. 
Strong, 138 S.W.3d at 556. 








The Anewly-discovered@
witness, Jose Arebalo, testified at the hearing on appellant=s motion for new trial.  He claimed to have seen appellant, who had
previously been Arebalo=s student in a welding class, with Diana drinking at
the V.F.W. Hall in the city of Alice around 5:30 p.m.  Diana allegedly expressed discomfort with her
clothes and urged appellant to accompany her to her house so she could
change.  Arebalo testified that he saw
Diana get into the driver=s side of a car, appellant entered the passenger
side, and they drove away.  Arebalo said
he decided to contact appellant=s attorney when he heard about appellant=s conviction; he had not stepped forward earlier
because he did not know about the case. 
Arebalo could neither describe what Diana was wearing nor their
car.  He also could not remember any
other people or the identity of the bartender at the V.F.W. Hall that night.








Given that the episode Arebalo describes in his
testimony involves appellant himself, we find it difficult to believe that this
information was unknown or unavailable to appellant at the time of his
trial.  See Keeter, 74 S.W.3d at
36.  However, appellant, when testifying
during the punishment phase of the trial, claimed not to remember anything that
occurred in the evening.  The last thing
he recalled was playing with Diana=s child while at her home several hours before the
collision occurred.  A timeline of events
is difficult to establish from the evidence before the Court; this
last-remembered incident could have conceivably occurred either before or after
the events Arebalo describes at the V.F.W. Hall.              Regardless
of whether this first prong could be met, we nonetheless conclude that Arebalo=s testimony did not satisfy the fourth prong of the
newly-discovered evidence test. The trial court could reasonably conclude that
the new evidence was not demonstrably true, given that Arebalo could
essentially only remember that appellant, Arebalo=s
former student, had been on the passenger side of the car Diana was driving.  All other details about the incident were
missing, including the important detail of whether the car was even the red
Dodge Spirit involved in the collision.  See Williams v. State, 504 S.W.2d 477, 483
(Tex. Crim. App. 1974) (AThe probable truth of the new evidence is primarily
a determination for the trial judge. 
Here, the judge saw the witnesses, observed their demeanor, and was
required to determine the issue of their credibility.@).   

Furthermore, 
even if the evidence is taken as true, it would not necessarily result
in a different outcome in the case.  See
Keeter, 74 S.W.3d at 37.  The
described incident happened several hours before the collision occurred, could
have involved a different car, and does not reflect which party was driving
appellant=s car later that night.  Arebalo=s testimony fails to controvert any of the
circumstantial evidence adduced at trial involving the collision itself.  Therefore, we conclude that the trial court
did not abuse its discretion in overruling appellant=s motion for new trial, and we accordingly overrule
appellant=s final issue.

Conclusion

The judgment of the trial court is affirmed.                

   

 

 

                                           

Rogelio Valdez,

Chief Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b). 

 

Memorandum Opinion delivered and filed

this 16th day of June, 2005.











[1] A person commits the offense of
intoxication manslaughter if the person (1) operates a motor vehicle in a
public place, operates an aircraft, a watercraft, or an amusement ride, or
assembles a mobile amusement ride; and (2) is intoxicated and by reason of that
intoxication causes the death of another by accident or mistake.  Tex.
Pen. Code Ann. ' 49.08 (Vernon 2003).  





[2]Although this statement is hearsay,
there was no objection to it, and it therefore could be considered probative by
the jury.  See Tex . R. Evid. 802 (AInadmissible hearsay admitted
without objection shall not be denied probative value merely because it is
hearsay.@).





[3]A person commits intoxication
assault when he operates a motor vehicle while intoxicated, and by reason of
that intoxication causes serious bodily injury to another. Tex. Pen. Code Ann. ' 49.07(a)(1) (Vernon 2003).  A person commits the offense of aggravated assault if the person
commits assault as defined in section 22.01 of the penal code and the person:
(1) causes serious bodily injury to another, including the person's spouse; or
(2) uses or exhibits a deadly weapon during the commission of the assault.
Tex.
Pen. Code Ann. ' 22.02(a) (Vernon Supp. 2004-05).





[4]The court of criminal appeals found
the evidence legally sufficient to support the finding that appellant was the
driver of the vehicle.  Appellant,
however, here questions the legal sufficiency of the evidence establishing the
seriousness of Juan Cantu=s bodily injuries, and not the
legal sufficiency of the evidence establishing that he drove the car that hit
Juan.  Therefore we will treat his
legally sufficiency issues as previously unresolved by our court=s original opinion and the court of
criminal appeals= opinion, and we will address them
here.