Affirmed and Memorandum Opinion filed September 28, 2006








Affirmed and Memorandum Opinion filed September 28, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00546-CR

NO. 14-05-00547-CR

____________

 

FERNANDO YANEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th
District Court

Harris County, Texas

Trial Court Cause Nos. 1009781
& 1009782

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Fernando Yanez, pled guilty to two counts of
possession with the intent to deliver both cocaine and heroin after the trial
court denied his motion to suppress.  He also pled Atrue@ in each case to
enhancement paragraphs alleging two prior felony convictions for possession of
a controlled substance.  Pursuant to a plea bargain, appellant received a
forty-year sentence.  He contends the trial court abused its discretion by
denying his motion to suppress.  We affirm.








On December 6, 2004, Houston Police Department narcotics
officer Frank Scoggins obtained a ASearch and Arrest
Warrant@ commanding the
search of appellant=s home for heroin, as well as, appellant=s arrest.  The
warrant was based on information obtained from a confidential informant who had
proved reliable in the past and on a follow-up investigation conducted by
Officer Scoggins.

On December 8, 2004, Officer Scoggins and his narcotics
team set up surveillance around appellant=s home.  During
the surveillance, the officers observed appellant take a Aweighty@ bag to his truck
parked in front of the residence.  Appellant later returned to his truck and
drove a block away, where he stopped and got out, apparently to speak with an
acquaintance.  Appellant left the truck running and the driver=s side door open. 
The officers arrested appellant pursuant to the arrest warrant while he stood
in the street.  They placed him in the back of a patrol car and drove to his
residence.  Officer Ashwood drove the truck back to appellant=s home and parked
in the street.[1] 
Officer Ashwood searched the vehicle while other narcotics officers executed
the search warrant inside the residence.  No drugs were found in the home. 
Officer Ashwood found heroin and cocaine hidden in the false bottom of a spray
paint can that was located in the bag appellant had carried to his truck that
morning.








Although appellant lists twelve separate Aissues@ in his brief to
this Court, nine of these are questions of uncontested fact clearly established
at the motion to suppress hearing.  The remaining three issues are:  (1)
whether appellant=s truck was Aso immobile that
it took on the characteristic of a dwelling,@[2] (2) whether
officers had a constitutional duty to obtain a warrant to search appellant=s truck under the
circumstances, and (3) whether the search of appellant=s truck was an
inventory search or a search for narcotics.  Appellant does not contest the
validity of his arrest.

When reviewing a trial court=s ruling on a
motion to suppress, we will reverse only for an abuse of discretion.  Flores
v. State, 172 S.W.3d 742, 748 (Tex. App.CHouston [14th
Dist.] 2005, no pet.).  The trial court is the sole trier of fact, therefore,
we must view the evidence in a light most favorable to the trial court=s ruling, giving
almost total deference to the trial court=s determination of
facts dependent upon credibility and demeanor.  Villarreal v. State, 935
S.W.2d 134, 138 (Tex. Crim. App. 1996).  We review de novo any mixed questions
of fact and law that do not turn on an evaluation of credibility and demeanor. 
Laney v. State, 117 S.W.3d 854, 857 (Tex. Crim. App. 2003).  As a
result, we must sustain the trial court=s decision if the
ruling is correct on any theory of law applicable to the case and reasonably
supported by the record.  Id.

Both the United States Constitution and the Texas
Constitution guarantee the right of protection against unreasonable search and
seizure.  U.S. Const. amend. IV; Tex. Const. art. 1, ' 9.  A warrantless
search is generally considered unreasonable, but with a few exceptions, such as
a search incident to a lawful arrest.  McGee v. State, 105 S.W.3d 609,
615 (Tex. Crim. App. 2003).  Pursuant to a lawful arrest, an officer may
contemporaneously search the passenger compartment and any containers inside
the arrestee=s vehicle.  Williams v. State, 726 S.W.2d 99,
100_01 (Tex. Crim.
App. 1986).  The police may permissibly conduct a search of the vehicle as long
as the arrestee was a recent occupant and the search is contemporaneous to the
arrest.  Strong v. State, 138 S.W.3d 546, 555 (Tex. App._Corpus Christi
2004, no pet.) (citing Thornton v. United States, 541 U.S. 615, 621B22 (2004)).

Here, the police arrested appellant pursuant to a valid
arrest warrant, moved his truck one block away, and searched his vehicle. 
Despite appellant=s argument to the contrary, the officers
were not obligated to obtain a separate warrant to validate this search.  We
find the search was valid as incident to a lawful arrest, and the trial court
did not abuse its discretion in denying appellant=s motion to
suppress.








Because we find this search valid as incident to a lawful
arrest, we need not address the parties= arguments
concerning the inventory and automobile exceptions to the warrant requirement. 
We affirm the trial court=s judgment.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed September 28, 2006.

Panel consists of
Justices Hudson, Mirabal, and Amidei.  (Senior Justice Margaret Mirabal and
Former Justice Maurice Amidei sitting by assignment.)

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  When asked why the officers moved appellant=s truck before searching it, Officer Scoggins
explained the officers needed to search appellant=s home quickly to avoid any destruction of evidence.  In fact, someone
had already phoned  appellant=s house to
alert his family he had been arrested in the short time it took police to
travel to appellant=s home.  Officer Scoggins also explained that, since
appellant was under arrest, the police had a duty to ensure the vehicle was not
stolen or damaged.





[2]  Because appellant makes no argument in support of
his first issue, we find he has waived it on appeal.  Tex. R. App. P. 38.1(h).