# NO. 12-09-00119-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROYCE RAY SAVELL,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A jury found Appellant, Royce Ray Savell, guilty of the third degree felony offense of driving while intoxicated. After finding the indictment's two enhancement paragraphs true, the jury assessed Appellant's punishment at imprisonment for twenty-five years. In two issues, Appellant complains (1) that the evidence supporting his conviction is greatly outweighed by contrary proof, and (2) that the trial court erred in allowing the State's witness to testify that standardized field sobriety tests meant "they are accepted not only by the scientific community, but also the court community." We affirm.

### BACKGROUND

Texas Department of Public Safety Trooper Johnny Massey observed Appellant's oncoming auto cross over the striped fog line on Farm to Market Road 314. After Appellant's vehicle passed him, he saw the vehicle cross the road's center line. Massey turned around and followed Appellant. Confirming that Appellant's car was traveling at sixty-seven miles per hour in a sixty miles per hour zone, Massey made a traffic stop.

Massey observed that Appellant's eyes were bloodshot and that his breath had the odor of an alcoholic beverage. Massey administered several field sobriety tests that led him to conclude

Appellant was intoxicated. Massey testified that Appellant did not fumble in producing his license or proof of insurance, had no difficulty in getting out of his car, was not abusive or excessively friendly, and kept his balance while leaning down to pet his dog.

Massey asked Appellant to take a breath test and he refused. In response to Massey's questioning, Appellant, pushed for a yes or no answer, finally conceded that he was intoxicated. He told Massey he had drunk six or seven sixteen-ounce Busch beers.

### FACTUAL SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant contends the evidence is factually insufficient to support his conviction.

### Standard of Review

In reviewing a factual sufficiency challenge, the appellate court must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or if the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also* *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

### Discussion

Appellant claims that he still suffers from a serious 2000 back injury, and that he has high blood pressure and trouble breathing. Therefore, he contends that most of the field sobriety tests given were not proper for a person in his condition. He argues that Massey failed to administer other appropriate tests that he would have been able to perform. He points out that he did not fumble in producing his license or proof of insurance, had no difficulty in getting out of his car, was not abusive or excessively friendly, and kept his balance bending down to pet his dog. Massey described Appellant as very cooperative. Appellant notes that although Massey testified Appellant was intoxicated, he believed Appellant had the requisite mental faculties to waive his *Miranda* rights.

Appellant's high blood pressure and breathing difficulty are not the kind of problems that would have affected his ability to perform the field sobriety tests given. At the time of his arrest, Appellant made no mention of injury or physical disability that would diminish his ability to

2

perform the tests.

Massey concluded Appellant was intoxicated based on his erratic driving, the odor of alcoholic beverage, and Appellant's performance of the field sobriety tests. The jury also had the opportunity to observe the videotape of his sobriety test performance. Appellant admitted to drinking six or seven sixteen-ounce beers at a party prior to his arrest. He reluctantly conceded that he was intoxicated. The evidence is factually sufficient to support the verdict. Appellant's first issue is overruled.

## COMMENT ON THE WEIGHT OF THE EVIDENCE

In his second issue, Appellant contends the trial court erred in overruling his objection to Massey's testimony that the sobriety tests were standardized meant that "they are accepted by not only the scientific community, but also by the court community." Appellant contends the ruling was an impermissible comment on the weight of the evidence.

**Standard of Review and Applicable Law**

A trial court's ruling admitting or excluding evidence is reviewed for an abuse of discretion. *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). A trial court does not abuse its discretion if its decision to admit or exclude evidence is "within the zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

An appellate court must disregard error that does not affect a defendant's "substantial rights." TEX. R. APP. P. 44.2(b). The reviewing court may not reverse for nonconstitutional error if the court, after examining the record as a whole, has fair assurance that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). A violation of the evidentiary rules resulting in the erroneous admission of evidence is nonconstitutional error. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

In ruling upon the admissibility of evidence, the trial court shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible. TEX. CODE CRIM. PROC. ANN. art. 38.05 (Vernon 1979). In order to constitute reversible error, comments from the bench must be reasonably calculated to benefit the state or

3

prejudice a defendant's rights. ***Marks v. State***, 617 S.W.2d 250, 252 (Tex. Crim. App. 1981); ***Strong v. State***, 138 S.W.3d 546, 552 (Tex. App.–Corpus Christi 2004, no pet.).

**Discussion**

Massey's testimony was in response to a question asked by Appellant's counsel.

> Q: Okay. What is your definition of standardized?
>
> A: These are the type of tests that all–that–this block of standardized field sobriety tests that we are trained in, standardized is that they are taught all the same way, that they are scored all the same way, and that they are administered all the same way and that in doing so, they are accepted not only by the scientific community, but also the court community.
>
> [DEFENSE COUNSEL]: Well, I'm going to object as to that as a legal conclusion.
>
> [PROSECUTOR]: He asked the question.
>
> THE COURT: I'm going to overrule the objection, I think it was in response–overruled.

Appellant argues that Massey's testimony that the tests are accepted by the court community represented a legal conclusion. In overruling his objection, Appellant insists the court improperly commented on the weight of the evidence.

Appellant's counsel asked Massey to define what he meant when he testified that the field sobriety tests were standardized. The trial court did not embellish his ruling with unwarranted comment. Neither the trial court's action in overruling the objection nor his brief explanation for his ruling constitute a comment on the weight of the evidence. Appellant's second issue is overruled.

## DISPOSITION

The judgment is ***affirmed***.

**BILL BASS**
Justice

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals sitting by assignment.*

(DO NOT PUBLISH)

4