MARY'S OPINION HEADING 








NO. 12-09-00119-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

ROYCE RAY SAVELL,                                §                      APPEAL
FROM THE 173RD

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      HENDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            A
jury found Appellant, Royce Ray Savell, guilty of the third degree felony
offense of driving while intoxicated.  After finding the indictment’s two
enhancement paragraphs true, the jury assessed Appellant’s punishment at imprisonment
for twenty-five years.  In two issues, Appellant complains (1) that the evidence
supporting his conviction is greatly outweighed by contrary proof, and (2) that
the trial court erred in allowing the State’s witness to testify that
standardized field sobriety tests meant “they are accepted not only by the
scientific community, but also the court community.”  We affirm.

 

Background

            Texas
Department of Public Safety Trooper Johnny Massey observed Appellant’s oncoming
auto cross over the striped fog line on Farm to Market Road 314.  After
Appellant’s vehicle passed him, he saw the vehicle cross the road’s center
line.  Massey turned around and followed Appellant.  Confirming that
Appellant’s car was traveling at sixty-seven miles per hour in a sixty miles
per hour zone, Massey made a traffic stop.

            Massey
observed that Appellant’s eyes were bloodshot and that his breath had the odor
of an alcoholic beverage.  Massey administered several field sobriety tests that
led him to conclude Appellant was intoxicated.  Massey testified that Appellant
did not fumble in producing his license or proof of insurance, had no
difficulty in getting out of his car, was not abusive or excessively friendly,
and kept his balance while leaning down to pet his dog.

            Massey
asked Appellant to take a breath test and he refused.  In response to Massey’s
questioning, Appellant, pushed for a yes or no answer, finally conceded that he
was intoxicated.  He told Massey he had drunk six or seven sixteen-ounce Busch
beers.

            

Factual Sufficiency of the Evidence

            In
his first issue, Appellant contends the evidence is factually insufficient to
support his conviction.

Standard
of Review

            In
reviewing a factual sufficiency challenge, the appellate court must determine
whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury’s determination, or if the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Watson
v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

Discussion

            Appellant
claims that he still suffers from a serious 2000 back injury, and that he has
high blood pressure and trouble breathing.  Therefore, he contends that most of
the field sobriety tests given were not proper for a person in his condition. 
He argues that Massey failed to administer other appropriate tests that he
would have been able to perform.  He points out that he did not fumble in
producing his license or proof of insurance, had no difficulty in getting out
of his car, was not abusive or excessively friendly, and kept his balance
bending down to pet his dog.  Massey described Appellant as very cooperative. 
Appellant notes that although Massey testified Appellant was intoxicated, he
believed Appellant had the requisite mental faculties to waive his Miranda
rights.

            Appellant’s
high blood pressure and breathing difficulty are not the kind of problems that
would have affected his ability to perform the field sobriety tests given.  At
the time of his arrest, Appellant made no mention of injury or physical
disability that would diminish his ability to perform the tests.

            Massey
concluded Appellant was intoxicated based on his erratic driving, the odor of
alcoholic beverage, and Appellant’s performance of the field sobriety tests. 
The jury also had the opportunity to observe the videotape of his sobriety test
performance.  Appellant admitted to drinking six or seven sixteen-ounce beers
at a party prior to his arrest.  He reluctantly conceded that he was
intoxicated.  The evidence is factually sufficient to support the verdict. 
Appellant’s first issue is overruled.

 

Comment on the Weight of the Evidence

            In
his second issue, Appellant contends the trial court erred in overruling his
objection to Massey’s testimony that the sobriety tests were standardized meant
that “they are accepted by not only the scientific community, but also by the
court community.”  Appellant contends the ruling was an impermissible comment
on the weight of the evidence.  

Standard
of Review and Applicable Law

            A
trial court’s ruling admitting or excluding evidence is reviewed for an abuse
of discretion.  Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim.
App. 2001).  A trial court does not abuse its discretion if its decision to
admit or exclude evidence is “within the zone of reasonable disagreement.”  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).

            An
appellate court must disregard error that does not affect a defendant’s
“substantial rights.”  Tex. R. App. P. 44.2(b).  The reviewing court may not reverse
for nonconstitutional error if the court, after examining the record as a
whole, has fair assurance that the error did not have a substantial and
injurious effect or influence in determining the jury’s verdict.  Garcia
v. State, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004).  A violation of
the evidentiary rules resulting in the erroneous admission of evidence is
nonconstitutional error.  See Johnson v. State, 967 S.W.2d 410,
417 (Tex. Crim. App. 1998).

            In
ruling upon the admissibility of evidence, the trial court shall not discuss or
comment upon the weight of the same or its bearing in the case, but shall
simply decide whether or not it is admissible.  Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979).  In
order to constitute reversible error, comments from the bench must be
reasonably calculated to benefit the state or prejudice a defendant’s rights.  Marks
v. State, 617 S.W.2d 250, 252 (Tex. Crim. App. 1981); Strong v.
State, 138 S.W.3d 546, 552 (Tex. App.–Corpus Christi 2004, no pet.).

Discussion

            Massey’s
testimony was in response to a question asked by Appellant’s counsel.

 

Q:  Okay. What is your definition
of standardized?

 

A:  These are the type of tests
that all–that–this block of standardized field sobriety tests that we are
trained in, standardized is that they are taught all the same way, that they
are scored all the same way, and that they are administered all the same way
and that in doing so, they are accepted not only by the scientific community,
but also the court community.

 

[DEFENSE COUNSEL]:  Well, I’m
going to object as to that as a legal conclusion.

 

[PROSECUTOR]:  He asked the
question.

 

THE COURT:  I’m going to overrule
the objection, I think it was in response–overruled.

 

 

            Appellant
argues that Massey’s testimony that the tests are accepted by the court
community represented a legal conclusion.  In overruling his objection,
Appellant insists the court improperly commented on the weight of the evidence.

            Appellant’s
counsel asked Massey to define what he meant when he testified that the field
sobriety tests were standardized.  The trial court did not embellish his ruling
with unwarranted comment.  Neither the trial court’s action in overruling the
objection nor his brief explanation for his ruling constitute a comment on the
weight of the evidence.  Appellant’s second issue is overruled.

 

Disposition

            The
judgment is affirmed.

                                                                                                Bill Bass

                                                                                                   
Justice

 

Opinion delivered June 30, 2010.

Panel consisted of Worthen, C.J.,
Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals

 sitting by assignment.

(DO NOT PUBLISH)