Nhan Tu HOANG, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00187–CR.

Court of Appeals of Texas,
Texarkana.

Submitted June 10, 1999.

Decided June 11, 1999.

 

Douglas M. Barlow, Attorney at Law, Beaumont, for appellant.

Rodney D. Conerly, Asst. Criminal District Attorney, Beaumont, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Nhan Tu Hoang (referred to in the testimony as John Hoang) appeals his conviction for the murder of Sarah Kathryn Arceneaux. Hoang pleaded guilty, and trial was to a jury on punishment. The jury assessed punishment at sixty years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

Hoang contends the trial court committed reversible error by the cumulative harm of the court's comments on the evidence, in violation of Article 38.05 of the Texas Code of Criminal Procedure.[1] Hoang contends that the overall effect of the trial court's comments was to demean his defensive theory and prevent his trial counsel from persuading the jury to assess a lesser punishment.

Hoang, Steven Tran, and some of their friends had been drinking on the night of the offense. Hoang had consumed about seven or eight beers, and Tran had consumed nine or ten beers. Hoang, Tran, and another friend decided to rob an elderly lady living close by. Tran tried unsuccessfully to kick her door in, and the three ran back to Tran's house. While at Tran's house, Hoang and Tran got a .22 caliber rifle that Tran kept in the attic. The two left and went to another house. They both tried to kick in the door at the second house, but were unable to do so. Hoang fired shots at this house as they left. They went back to Tran's house and reloaded the gun. They heard some dogs barking at Sarah Arceneaux's house and decided to go shoot them. Upon arrival at her house, Tran shot at the dog near the garage, then gave the gun to Hoang, who went to the front of the house and shot at

---

1. Tex.Code Crim. Proc. Ann. art. 38.05 (Vernon 1979).

another dog tied to the fence. Once the gun was emptied, they went back to Tran's house, reloaded the first gun, and got another .22 caliber rifle. Tran, Hoang, and one of their friends returned to the victim's house. Hoang testified that as he was walking to the front of the house, he was startled by a woman leaning over her dog. Hoang testified he was scared and started shooting. Hoang shot the woman five times, killing her.

▮ In his sole point of error, Hoang contends the trial court committed reversible error by commenting on the weigh to the evidence in violation of Article 38.05 of the Texas Code of Criminal Procedure. Article 38.05 of the Texas Code of Criminal Procedure provides that in ruling upon the evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the ·case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.[2] The trial judge shall maintain an attitude of impartiality throughout the trial.[3] To the jury, the language and conduct of the trial court have a special and peculiar weight.[4]

▮ Hoang did not object to the judge's statements. Thus, the State contends any error was waived. The general rule is that, in order to preserve for appellate review a complaint about a trial judge's comments during trial, counsel must object or otherwise bring the complaint to the trial judge's attention so the judge has an opportunity to correct the error.[5] After reviewing the complete record, we conclude the general rule applies and, therefore, Hoang did not preserve any error for review.[6]

Rule 103(d) of the Texas Rules of Evidence provides that in a criminal case, "nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they were not brought to the attention of the [trial] court."[7] Hoang argues we should review the judge's comments for fundamental error even though he did not object to them. While Rule 103(d) may appear to apply to the instant case, it does not. The Texas Code of Criminal Procedure and not the Texas Rules of Evidence prohibits the judge from commenting upon the weight of the evidence. Therefore, because the error Hoang complains of is contained in the Texas Code of Criminal Procedure and not the Texas Rules of Evidence, we are precluded from reviewing it under Rule 103(d).

We recognize that some cases predating the new appellate rules hold that a trial judge's comments may be reviewed for fundamental error in the absence of an objection.[8] Recently, in the 1998 case of

---

2. TEX.CODE CRIM. PROC. ANN. art. 38.05.

3. *Clark v. State*, 878 S.W.2d 224, 226 (Tex. App.-Dallas 1994, no pet.) (citing *Lagrone v. State*, 84 Tex.Crim. 609, 209 S.W. 411, 415 (1919)).

4. *Clark*, 878 S.W.2d at 226 (citing *Livingston v. State*, 782 S.W.2d 12, 14 (Tex.App.-Dallas 1989, pet. ref'd)).

5. TEX.R.APP. P. 33.1; *Sharpe v. State*, 648 S.W.2d 705, 706 (Tex.Crim.App.1983).

6. TEX.R.APP. P. 33.1; *Blue v. State*, 983 S.W.2d 811, 812 (Tex.App.-Houston [1st Dist.] 1998, no pet. h.) (en banc).

7. TEX.R. EVID. 103(d).

8. *Brewer v. State*, 572 S.W.2d 719, 721 (Tex. Crim.App. [Panel Op.] 1978); *Hart v. State*, 447 S.W.2d 944, 952 (Tex.Crim.App.1969); *Dempsey v. State*, 387 S.W.2d 891, 893 (Tex. Crim.App.1965); *Moore v. State*, 907 S.W.2d, 918 923 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd) (the concurring and dissenting justices stated they would reverse without objection if the judge's statements constituted fundamental error); *Cade v. State*, 795 S.W.2d 43, 45 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd).

Decisions holding that the failure to object waives the appellant's right to object to the trial judge's comments for the first time on appeal are *Sharpe*, 648 S.W.2d at 706; *Blue*, 983 S.W.2d at 812; *Smith v. State*, 959 S.W.2d 1, 28 (Tex.App.-Waco 1997, pet. ref'd); *Rosales v. State*, 932 S.W.2d 530, 537 (Tex.App.-Tyler 1995, pet. ref'd); *Mestiza v. State*, 923 S.W.2d 720 (Tex.App.-Corpus Christi 1996, no pet.); *Moore*, 907 S.W.2d at

*Blue v. State,*[9] the majority held the appellant had waived error when he failed to object to the trial judge's comments. The *Blue* decision was a 5–4 decision, and two of the four dissenting justices stating that the trial judge's errors should have been reviewed for fundamental error in the absence of an objection.[10] Because the Court of Criminal Appeals has not decided the issue, we shall review the trial judge's comments to determine whether they were improper comments on the weight of the evidence in addition to our ruling that error was not preserved.

■ A trial court improperly comments on the weight of the evidence if it makes a statement that implies approval of the State's argument,[11] that indicates any disbelief in the defense's position,[12] or that diminishes the credibility of the defense's approach to its case.[13] Other factors to be evaluated are whether the remarks by the trial court were made in the presence of the jury[14] and whether the trial judge's comments, however impartially they may have been made, may have led the jury to infer the judge's own opinion of the merits of the case.[15] We also consider the consequences that probably resulted from the trial court's comments to determine wheth-

er the comments prejudiced the defendant's rights.[16] We will first examine whether the trial court's comments were improper comments on the weight of the evidence. Hoang points us to six places in the record where he contends the judge improperly commented on the weight of the evidence.

■ Hoang's defensive theory was that he was startled when he saw the decedent leaning over her dog and that he just started shooting at her because he was scared. Hoang contends the trial court improperly commented on the weight of the evidence when it, in the absence of any objection by the State, interjected that Hoang was being repetitious while he was developing this defensive theory. During the cross-examination of Ron Robertson, a detective with the Port Arthur police department, the trial court admonished defense counsel to "[q]uit being repetitious." The record reflects that Hoang's counsel had questioned the witness on this theory six times prior to the question that prompted the trial court's admonishment. Rule 611(a) of the Rules of Evidence provides that the court *shall* exercise reasonable control over the mode and order of interrogating witnesses and presenting ev-

---

923. In *Moore*, the holding was a one-judge holding: one panel member concurred, holding that fundamental error was possible when an appellant failed to object to the judge's comments but that the facts did not show fundamental error. *Moore,* 907 S.W.2d at 923. Another panel member dissented, holding that the judge's comments constituted fundamental error. *Id.* at 924.

9. 983 S.W.2d 811.

10. *Blue,* 983 S.W.2d at 817, 820 (Cohen and O'Connor, J.J., dissenting).

11. *Clark,* 878 S.W.2d at 226 (citing *Ward v. State,* 156 Tex.Crim. 472, 243 S.W.2d 695, 696–97 (1951)).

12. *Clark,* 878 S.W.2d at 226 (citing *McClory v. State,* 510 S.W.2d 932, 934 (Tex.Crim.App. 1974)).

13. *Clark,* 878 S.W.2d at 226 (citing *Jackson v. State,* 756 S.W.2d 82, 85 (Tex.App.-San Anto-

nio 1988), *rev'd on other grounds,* 772 S.W.2d 117 (Tex.Crim.App.1989)).

14. *Moore,* 907 S.W.2d at 924 (Andell, J., dissenting) (citing *Silva v. State,* 635 S.W.2d 775, 778 (Tex.App.-Corpus Christi 1982, pet. ref'd) ("Whether appellant received a fair trial in light of the comments made by the court is a close question. But, we refuse to reverse because the statements were not made in the presence of the jury ....")); *see also Bautista v. State,* 632 S.W.2d 846, 850 (Tex.App.-Houston [14th Dist.] 1982, pet. ref'd, untimely filed); *Richardson v. State,* 632 S.W.2d 700, 702 (Tex.App.-Fort Worth 1982, no pet.).

15. *Moore,* 907 S.W.2d at 924 (Andell, J., dissenting) (citing *Bachus v. State,* 803 S.W.2d 402, 405 (Tex.App.-Dallas 1991, pet. ref'd); *Jones v. State,* 788 S.W.2d 834, 836 (Tex.App.-Dallas 1990, no pet.)).

16. *Clark,* 878 S.W.2d at 226 (citing *English v. State,* 85 Tex.Crim. 450, 213 S.W. 632, 635 (1919) (opinion on reh'g)).

idence so as to (1) make the presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.[17] Hoang's contention that the trial court's statement was an improper comment on *the weight of the evidence is without merit.*

■ Next, Hoang contends the trial court corrected his method of presenting his defense during the following direct examination of Hoang's father:

Q: Has John [Hoang] always been a very quiet type of young man?

A: Yes.

Q: If you were to describe a leader, how would you describe a leader? Do you understand what I'm asking you?

> THE COURT: I think you're making it too difficult. Why don't you rephrase it?

The record reflects that Hoang's father understood some English and that the trial court allowed his daughter to interpret the questions for him if he felt it necessary. After the trial court asked defense counsel to rephrase the question, the following exchange took place:

Q: Has John [Hoang] always been more of a follower?

A: (Interpreter) Yes, he is.

Q: In other words, he is tended to be led by other people.

A: (Interpreter) Yes.

We do not find that the trial court's statement undermined Hoang's ability to present his defense. First, Hoang was allowed during the subsequent questioning to show that he often followed others' lead, and second, the trial court's statement actually helped defense counsel elicit the testimony Hoang wanted by requiring defense counsel to present the question in a more understandable manner. We find no merit in Hoang's contention that this statement by the trial court was a comment on the weight of the evidence.

■ Hoang also contends the trial court prevented him from establishing the background, knowledge, and experience of a former F.B.I. agent and minister, undermining the minister's opinions on Hoang's rehabilitation. In response to a question from defense counsel, the minister talked at length about the alcohol treatment program with which he was involved and some of the things he had observed while working as an F.B.I. agent, before being interrupted by the trial court. The following is the last paragraph of the minister's testimony, and the court's admonishment to get to the point.

Q: ... Most of us that teaches [sic] have come into church basically through that sort of thing, and basically the police work and the F.B.I. is what caused me to change my opinion. After meeting a lot of white slave traffic violators and working a few plane crashes, you know, seeing what happens to people when they hit the ground wide open in a commercial jetliner, bank robberies, bank burglaries—I'm not Sherlock Holmes, but through my investigation I arrested a bank robber one day and talked to him and—

> THE COURT: Wait. Wait. We're going to be going until 10:00 o'clock tonight. Let's get to the point.

Prior to the trial court's statement, Hoang was able to show that the witness had worked as a police officer for four years, had worked for the F.B.I. for three years, had served as a chaplain for fourteen years, and was teaching alcohol and chemical treatment classes for prisoners. Upon reviewing all of the minister's testimony, we cannot agree that the trial court's statement was a comment on the weight of the evidence,[18] nor can we agree that the trial court erred when it attempted to avoid the needless consumption of time.

■ Next, Hoang contends the trial court improperly commented on the

---

17. TEX.R. EVID. 611(a).

18. *See* TEX.R. EVID. 611(a).

weight of the evidence when it overruled the State's objection to the minister's definition of repentance. The following exchange took place:

Q: (Interrupting) Just tell me the three steps.

A: Repentance, restitution and regeneration.

Q: And just in a quick summary, what is repentance?

[PROSECUTOR]: I'm going to object, Your Honor. This is cumulative.

THE COURT: Overruled. The jurors can evaluate it.

Q: What is repentance?

A: Basically it's when you come to the realization that you've probably had the wrong attitude, that you've been wrong....

Hoang contends the trial court's statement that "[t]he jurors can evaluate it" implied that the jury would have the foresight to agree with the State's objection that it was cumulative. The record reflects that another witness had testified as to the three steps involved. Hoang does not explain how this statement was a comment on the weight of the evidence or how it undermined his defense. The witness's definition of repentance was later introduced into evidence, and we do not find any harm to Hoang from letting the jury evaluate this witness's definition of repentance along with the prior witness's definition of repentance. We do not find that the trial court's statement was a comment on the weight of the evidence.

██ Hoang also contends the trial court commented on the weight of the evidence when Hoang attempted to establish the credentials and experience of the minister during subsequent questioning.

Q: You've even helped a man get off death row; is that correct?

A: That's correct.

Q: And you've even helped another man get out of prison—

[PROSECUTOR]: I'm going to object on the basis of relevancy, Your Honor, on other people.

THE COURT: Overruled, which has nothing to do with this case. But go ahead.

The trial court overruled the objection and let the testimony into evidence; therefore, Hoang cannot argue that he was prevented from introducing this testimony into evidence. During the next question, defense counsel changed subjects and asked the witness whether he felt that Hoang had been a sincere student in the alcohol and chemical treatment program. The trial court's statement was not a comment on the weight of the evidence and, further, Hoang was not harmed by the statement because the testimony defense counsel wanted was admitted into evidence. This argument is without merit.

██ Last, Hoang contends the trial court commented on the weight of the evidence when it sustained the State's objection to the testimony of a G.E.D. instructor at the county jail.

Q: Does he really want to learn?

A: As best I can see. In my class he does. In my class he works well.

Q: And you say he continues to come—

[PROSECUTOR]: I object, Your Honor. This is repetitious.

THE COURT: Sustained. That's three times. I'll take judicial notice that he keeps coming after he got his G.E.D. Don't overdo it. I think the jury understands he's been coming back.

The record reflects that defense counsel had asked the witness on three previous occasions whether Hoang continued to come to class after he had received his G.E.D., and the witness responded that Hoang had continued to attend. The trial court's statement was a ruling on the objection, not a comment on the weight of the evidence, and if it were interpreted as a comment, it was favorable to the point Hoang was trying to prove. Thus, it was not harmful to him. This argument is without merit.

684 ■

Even if fundamental error review is still viable, we find no fundamental error. After reviewing the record, we cannot conclude that the trial court improperly commented on the weight of the evidence, nor can we conclude the judge's remarks conveyed any opinion on the evidence. The trial court's statements did not imply approval of the State's argument, indicate any disbelief in the defense's position, or diminish the credibility of the defense's approach to the case. For the foregoing reasons, we do not find the judge's statements constituted error or harmed Hoang's presentation of his case. This point of error is overruled.

The judgment is affirmed.