NO. 07-03-0114-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 11, 2003

______________________________

DAVID LLOYD CECIL,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 45515-E; HON. ABE LOPEZ, PRESIDING

_______________________________

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant David Lloyd Cecil appeals his conviction of aggravated sexual assault.  His court-appointed counsel has moved to withdraw after filing a brief pursuant to 
Anders v. California, 
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing she has searched the record and found no arguable grounds for reversal.  The motion and brief indicate that appellant was informed of his rights to review the appellate record and file his own brief.  So too did we inform appellant that any 
pro se 
response or brief he cared to file  had to be filed by June 30, 2003.  To date, appellant has filed no 
pro se 
response or brief.

In compliance with the principles enunciated in 
Anders, 
appellate counsel discussed one potential area for appeal which concerned the denial of appellant’s motion to suppress his statement because it was involuntary.  The statement was taken at a mental health facility (the Pavilion) after appellant had told his wife and his daughter that he had been having inappropriate sexual contact with his granddaughter and had also acted in a manner which caused his wife to fear he was suicidal.  However, counsel explained that there is nothing in the record to indicate that he was threatened or promised anything by law enforcement officers in return for his confession or that his statement was anything other than voluntary.  There was also a determination that he was competent to stand trial.

So too have we conducted an independent review of the record to determine whether there existed reversible error and found none.  
See Stafford v. State, 
813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring us to conduct an independent review).  A hearing was held outside the presence of the jury to determine that the child victim could testify via closed circuit television, and there was evidence that the procedure was necessary to protect the welfare of the child, the child would be traumatized by facing her grandfather in the courtroom as opposed to the courtroom generally, and the emotional distress suffered by the child would be more than mere nervousness.  
See Dufrene v. State, 
853 S.W.2d 86, 90 (Tex. App.--Houston [14
th
 Dist.] 1993, pet. ref’d).  There were also no objections to the jury charge, and we have found no egregious harm.  Further, the punishment assessed was within that prescribed by law, and the law permits the cumulation of appellant’s sentence in this cause with that for another offense arising out of the same criminal episode.  
Tex. Pen. Code Ann. §3.03(
b
)(2)(A) (
Vernon
 2003).

Accordingly, counsel’s motion to withdraw is granted, and the judgment of the trial court is affirmed. 

Brian Quinn

   Justice

Do not publish.
  
eer appointed in this case, and that she’s sitting with the child in this case.  You’re to place no significance on that fact.  Ms. Santana is merely assisting the child through her testimony.  With that, I’ll let counsel proceed.  ,cù

ÉáøAZØàññArialßÕÆåèÉåÃÉÉd

NO.  07-05-0437-CR

        07-05-0440-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 11, 2007

______________________________

RAUL GUTIERREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 69
TH
 DISTRICT COURT OF MOORE COUNTY;

NO. 3707, 3663; HONORABLE RON ENNS, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

In two companion appeals Raul Gutierrez challenges his convictions for the felony offenses of aggravated sexual assault and indecency with a child.  The prosecutions arose out of separate events against two related child victims.  He presents three issues challenging events during the victims’ testimony.  His fourth issue challenges admissibility of expert testimony from a sexual assault nurse examiner.  We will affirm both judgments.

Appellant was initially charged in March 2005 of sexually assaulting his five-year-old cousin AH.  This indictment contained two counts and was assigned cause number 3663.  The cause number 3663 indictment alleged aggravated sexual assault of AH and that appellant engaged in sexual contact by touching her genitals.  A second indictment, filed in May 2005 and assigned cause number 3707, contained four counts alleging aggravated sexual assault of his nine-year-old cousin SH.  Appellant pled not guilty in both cases and they were consolidated for a jury trial held in October 2005.  In cause number 3663 the jury found appellant not guilty of aggravated sexual assault but guilty of indecency with a child.  It assessed punishment at twenty years confinement.  It found him guilty of all four counts in cause number 3707 and assessed punishment at life imprisonment.  

SH and AH were the State’s final two witnesses.  Just before their testimony the trial court advised counsel that he planned to instruct the jury that it was the court’s policy in all cases where children had to testify “that a court-appointed CASA volunteer sit with the child” and the jury was not to place any significance on that fact.  Defense counsel objected that “it’s a comment on the evidence” and would bolster the children’s testimony.  He requested the children “come up there by themselves and testify.”  The court overruled the objection and instructed the jury as described,
(footnote: 1) including the name of the CASA volunteer. 

Appellant presents two challenges to the trial court’s use of the CASA volunteer at trial.  Through his first issue appellant alleges a deprivation of his right of confrontation as guaranteed by the Sixth Amendment to the United States Constitution and Article I, section 10 of the Texas Constitution.  In his second issue appellant argues the trial court improperly commented on the weight of the evidence through its procedure and improperly bolstered the testimony of the witnesses.  He also argues the trial court should have made a finding the procedural modification was necessary before authorizing use of the CASA volunteer. 

Upon our review of the record, we find we are unable to consider appellant’s first issue because his Sixth Amendment contention was not preserved for appeal.
(footnote: 2)  Appellant’s objection to the presence of the CASA volunteer did not assert it would impair his right of confrontation.  
See Mendez v. State
, 138 S.W.3d 334, 340-42 (Tex.Crim.App. 2004) (most constitutional rights are subject to preservation requirement of Rule 33.1);
 Parades v. State
, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004) (failure to object to testimony as violation of  Confrontation Clause waived complaint).  
See also Ramirez v. State
, No. 02-06-0135-CR, 2004 WL 2997747 (Tex.App.–Fort Worth January 11, 2007, no pet.);
 Morris v. State
, No. 02-06-0136-CR, 2007 WL 80012 (Tex.App.–Fort Worth January 11, 2007, no pet.); and 
Meeks v. State
, No. 03-03-0509-CR, 2005 WL 1489593 (Tex.App.--Austin June 23, 2005, no pet.) (applying rule).
(footnote: 3) 

Appellant next argues the procedure impermissibly bolstered the children’s testimony
(footnote: 4) and was effectively a comment on the evidence by the trial court.
(footnote: 5)  He contends that by instructing the jury the volunteer was court-appointed it could have led the jury to infer the judge’s endorsement of the testimony.  Appellant cites article 38.05 of the Code of Criminal Procedure, which directs judges to refrain from commenting on the weight of evidence or making any remark calculated to convey to the jury the judge’s opinion of the case.  Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979).  Appellant cites also 
Hoang v. State
, 997 S.W.2d 678 (Tex.App.–Texarkana 1999, no pet.), which describes improper comments as including trial court statements implying approval of the State’s argument and statements that, “however impartially they may have been made, may have led the jury to infer the judge’s own opinion of the merits of the case.” 
Id
. at 681.    

We find neither the use of the court-appointed volunteer, nor the court’s instruction, to be improper comments on the evidence.  The court told the jury why the volunteer was present and instructed them to place no significance on her presence. We do not agree the instruction implied the court’s endorsement of the credibility of the six- and ten-year-old witnesses, or otherwise conveyed the judge’s own opinion of the merits of the case.  
See Conrad
, 10 S.W.3d at 47 (rejecting a similar argument).  We overrule appellant’s second issue. 

Appellant’s third issue assigns error to the trial court’s permitting SH to display a cross during her testimony.  He argues the error further deprived him of his right of confrontation.  As with his first issue, review of the record demonstrates the purported error was not preserved for review.
(footnote: 6) The third issue is overruled.

In his final issue appellant challenges the admissibility of testimony of Becky O’Neal, the sexual assault nurse examiner who examined AH.  He argues the testimony was inadmissible because it failed to meet the test for reliability of scientific testimony adopted in
 Kelly v. State
, 832 S.W.2d 568 (Tex.Crim.App. 1992), and included inadmissible hearsay.  We overrule the issue.  

Appellant’s argument first focuses on O’Neal’s testimony relating statements AH made at the time of her examination of the child.  Review of the trial testimony reveals that, in response to a question on cross examination by appellant’s counsel, O’Neal repeated the testimony concerning the child’s statements to which appellant earlier had objected.  Appellant having adduced the testimony, his hearsay objection is not preserved for review. 
 Reyes v. State
, 84 S.W.3d 633, 638 (Tex.Crim.App. 2002).     

Appellant also presents argument addressing O’Neal’s opinion testimony explaining why AH might not exhibit any physical evidence of some of the assaults she alleged.  We find that even assuming the admission of the testimony was error,
(footnote: 7) it would not require reversal of the trial court’s judgment, under the standard of Rule of Appellate Procedure 44.2(b).  Under that standard we must disregard an error unless it affects a substantial right. 
Id.
  A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict.  
King v. State
, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997).  The erroneous admission of evidence does not affect a defendant’s substantial rights if after examining the record as a whole the reviewing court has a fair assurance the error did not influence the jury, or had but a slight effect.  
Solomon v. State
, 49 S.W.3d 356, 365 (Tex.Crim.App. 2001).  

Appellant argues the unreliable expert testimony “wholly misguided the jury to its verdict.”  The record does not support the assertion.  O’Neal’s opinion testimony concerned the absence of physical evidence of penetration of a five-year-old.  Appellant was not charged with penetrating AH’s genitals and the jury acquitted him of the charge involving penetration of her anus.  As to AH, appellant was convicted only of indecency with a child.  

The record provides a fair assurance any error involved in the admission of the opinion testimony did not influence the jury in reaching its verdict.  We overrule appellant’s fourth issue.   Finding no reversible error, we affirm both judgments of the trial court. 

James T. Campbell

         Justice

Do not publish.

FOOTNOTES
1:
2:
3:
4:
5:
6:
7: