NO. 07-05-0437-CR
                                                             07-05-0440-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 11, 2007
                                       ______________________________

RAUL GUTIERREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3707, 3663; HONORABLE RON ENNS, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
          In two companion appeals Raul Gutierrez challenges his convictions for the felony
offenses of aggravated sexual assault and indecency with a child. The prosecutions arose
out of separate events against two related child victims. He presents three issues
challenging events during the victims’ testimony. His fourth issue challenges admissibility
of expert testimony from a sexual assault nurse examiner. We will affirm both judgments.
          Appellant was initially charged in March 2005 of sexually assaulting his five-year-old
cousin AH. This indictment contained two counts and was assigned cause number 3663. 
The cause number 3663 indictment alleged aggravated sexual assault of AH and that
appellant engaged in sexual contact by touching her genitals. A second indictment, filed
in May 2005 and assigned cause number 3707, contained four counts alleging aggravated
sexual assault of his nine-year-old cousin SH. Appellant pled not guilty in both cases and
they were consolidated for a jury trial held in October 2005. In cause number 3663 the jury
found appellant not guilty of aggravated sexual assault but guilty of indecency with a child. 
It assessed punishment at twenty years confinement. It found him guilty of all four counts
in cause number 3707 and assessed punishment at life imprisonment. 
          SH and AH were the State’s final two witnesses. Just before their testimony the trial
court advised counsel that he planned to instruct the jury that it was the court’s policy in all
cases where children had to testify “that a court-appointed CASA volunteer sit with the
child” and the jury was not to place any significance on that fact. Defense counsel
objected that “it’s a comment on the evidence” and would bolster the children’s testimony. 
He requested the children “come up there by themselves and testify.” The court overruled
the objection and instructed the jury as described,


 including the name of the CASA
volunteer. 
          Appellant presents two challenges to the trial court’s use of the CASA volunteer at
trial. Through his first issue appellant alleges a deprivation of his right of confrontation as
guaranteed by the Sixth Amendment to the United States Constitution and Article I, section
10 of the Texas Constitution. In his second issue appellant argues the trial court
improperly commented on the weight of the evidence through its procedure and improperly
bolstered the testimony of the witnesses. He also argues the trial court should have made
a finding the procedural modification was necessary before authorizing use of the CASA
volunteer. 
          Upon our review of the record, we find we are unable to consider appellant’s first
issue because his Sixth Amendment contention was not preserved for appeal.


 Appellant’s
objection to the presence of the CASA volunteer did not assert it would impair his right of
confrontation. See Mendez v. State, 138 S.W.3d 334, 340-42 (Tex.Crim.App. 2004) (most
constitutional rights are subject to preservation requirement of Rule 33.1); Parades v.
State, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004) (failure to object to testimony as
violation of Confrontation Clause waived complaint). See also Ramirez v. State, No. 02-06-0135-CR, 2004 WL 2997747 (Tex.App.–Fort Worth January 11, 2007, no pet.); Morris
v. State, No. 02-06-0136-CR, 2007 WL 80012 (Tex.App.–Fort Worth January 11, 2007, no
pet.); and Meeks v. State, No. 03-03-0509-CR, 2005 WL 1489593 (Tex.App.--Austin June
23, 2005, no pet.) (applying rule).


 
          Appellant next argues the procedure impermissibly bolstered the children’s
testimony


 and was effectively a comment on the evidence by the trial court.


 He contends
that by instructing the jury the volunteer was court-appointed it could have led the jury to
infer the judge’s endorsement of the testimony. Appellant cites article 38.05 of the Code
of Criminal Procedure, which directs judges to refrain from commenting on the weight of
evidence or making any remark calculated to convey to the jury the judge’s opinion of the
case. Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979). Appellant cites also Hoang
v. State, 997 S.W.2d 678 (Tex.App.–Texarkana 1999, no pet.), which describes improper
comments as including trial court statements implying approval of the State’s argument and
statements that, “however impartially they may have been made, may have led the jury to
infer the judge’s own opinion of the merits of the case.” Id. at 681. 
          We find neither the use of the court-appointed volunteer, nor the court’s instruction,
to be improper comments on the evidence. The court told the jury why the volunteer was
present and instructed them to place no significance on her presence. We do not agree
the instruction implied the court’s endorsement of the credibility of the six- and ten-year-old
witnesses, or otherwise conveyed the judge’s own opinion of the merits of the case. See
Conrad, 10 S.W.3d at 47 (rejecting a similar argument). We overrule appellant’s second
issue. 
          Appellant’s third issue assigns error to the trial court’s permitting SH to display a
cross during her testimony. He argues the error further deprived him of his right of
confrontation. As with his first issue, review of the record demonstrates the purported error
was not preserved for review.


 The third issue is overruled.
          In his final issue appellant challenges the admissibility of testimony of Becky O’Neal,
the sexual assault nurse examiner who examined AH. He argues the testimony was
inadmissible because it failed to meet the test for reliability of scientific testimony adopted
in Kelly v. State, 832 S.W.2d 568 (Tex.Crim.App. 1992), and included inadmissible
hearsay. We overrule the issue. 
          Appellant’s argument first focuses on O’Neal’s testimony relating statements AH
made at the time of her examination of the child. Review of the trial testimony reveals that,
in response to a question on cross examination by appellant’s counsel, O’Neal repeated
the testimony concerning the child’s statements to which appellant earlier had objected. 
Appellant having adduced the testimony, his hearsay objection is not preserved for review. 
Reyes v. State, 84 S.W.3d 633, 638 (Tex.Crim.App. 2002). 
          Appellant also presents argument addressing O’Neal’s opinion testimony explaining
why AH might not exhibit any physical evidence of some of the assaults she alleged. We
find that even assuming the admission of the testimony was error,


 it would not require
reversal of the trial court’s judgment, under the standard of Rule of Appellate Procedure
44.2(b). Under that standard we must disregard an error unless it affects a substantial
right. Id. A substantial right is affected when the error had a substantial and injurious effect
or influence in determining the jury's verdict. King v. State, 953 S.W.2d 266, 271
(Tex.Crim.App. 1997). The erroneous admission of evidence does not affect a defendant’s
substantial rights if after examining the record as a whole the reviewing court has a fair
assurance the error did not influence the jury, or had but a slight effect. Solomon v. State,
49 S.W.3d 356, 365 (Tex.Crim.App. 2001). 
          Appellant argues the unreliable expert testimony “wholly misguided the jury to its
verdict.” The record does not support the assertion. O’Neal’s opinion testimony concerned
the absence of physical evidence of penetration of a five-year-old. Appellant was not
charged with penetrating AH’s genitals and the jury acquitted him of the charge involving
penetration of her anus. As to AH, appellant was convicted only of indecency with a child. 

The record provides a fair assurance any error involved in the admission of the opinion
testimony did not influence the jury in reaching its verdict. We overrule appellant’s fourth
issue. Finding no reversible error, we affirm both judgments of the trial court. 
 
                                                                James T. Campbell

                                                                         Justice







Do not publish.