NO.  07-05-0437-CR
07-05-0440-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 11, 2007
_____

RAUL GUTIERREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 69TH DISTRICT COURT OF MOORE COUNTY;

NO. 3707, 3663; HONORABLE RON ENNS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**


In two companion appeals Raul Gutierrez challenges his convictions for the felony

offenses of aggravated sexual assault and indecency with a child.  The prosecutions arose

out of separate events against two related child victims.  He presents three issues

challenging events during the victims' testimony.  His fourth issue challenges admissibility

of expert testimony from a sexual assault nurse examiner.  We will affirm both judgments.

Appellant was initially charged in March 2005 of sexually assaulting his five-year-old cousin AH. This indictment contained two counts and was assigned cause number 3663. The cause number 3663 indictment alleged aggravated sexual assault of AH and that appellant engaged in sexual contact by touching her genitals. A second indictment, filed in May 2005 and assigned cause number 3707, contained four counts alleging aggravated sexual assault of his nine-year-old cousin SH. Appellant pled not guilty in both cases and they were consolidated for a jury trial held in October 2005. In cause number 3663 the jury found appellant not guilty of aggravated sexual assault but guilty of indecency with a child. It assessed punishment at twenty years confinement. It found him guilty of all four counts in cause number 3707 and assessed punishment at life imprisonment.

SH and AH were the State's final two witnesses. Just before their testimony the trial court advised counsel that he planned to instruct the jury that it was the court's policy in all cases where children had to testify "that a court-appointed CASA volunteer sit with the child" and the jury was not to place any significance on that fact. Defense counsel objected that "it's a comment on the evidence" and would bolster the children's testimony. He requested the children "come up there by themselves and testify." The court overruled

the objection and instructed the jury as described,[1] including the name of the CASA volunteer.

Appellant presents two challenges to the trial court's use of the CASA volunteer at trial. Through his first issue appellant alleges a deprivation of his right of confrontation as guaranteed by the Sixth Amendment to the United States Constitution and Article I, section 10 of the Texas Constitution. In his second issue appellant argues the trial court improperly commented on the weight of the evidence through its procedure and improperly bolstered the testimony of the witnesses. He also argues the trial court should have made a finding the procedural modification was necessary before authorizing use of the CASA volunteer.

---

[1] The court's instruction stated:

Ladies and gentlemen of the jury, the next witness that has been called is a child. It's this Court's policy that all children that testify in this Court in any case are appointed a CASA volunteer. A CASA volunteer is – CASA stands for Court-Appointed Special Advocate.

These are volunteers in the community that go through special training to assist the children through the process of having to testify in court. Let me tell you, the CASA volunteer in this case is Ms. Gloria Santana. And Ms. Santana is here to sit with this child during the process. The fact that she's sitting with her, you're to place no significance whatsoever on the fact there's a CASA volunteer appointed in this case, and that she's sitting with the child in this case. You're to place no significance on that fact. Ms. Santana is merely assisting the child through her testimony. With that, I'll let counsel proceed.

3

Upon our review of the record, we find we are unable to consider appellant's first issue because his Sixth Amendment contention was not preserved for appeal.[2] Appellant's objection to the presence of the CASA volunteer did not assert it would impair his right of confrontation. *See Mendez v. State*, 138 S.W.3d 334, 340-42 (Tex.Crim.App. 2004) (most constitutional rights are subject to preservation requirement of Rule 33.1); *Parades v. State*, 129 S.W.3d 530, 535 (Tex.Crim.App. 2004) (failure to object to testimony as violation of Confrontation Clause waived complaint). *See also Ramirez v. State*, No. 02-06-0135-CR, 2004 WL 2997747 (Tex.App.–Fort Worth January 11, 2007, no pet.); *Morris v. State*, No. 02-06-0136-CR, 2007 WL 80012 (Tex.App.–Fort Worth January 11, 2007, no pet.); and *Meeks v. State*, No. 03-03-0509-CR, 2005 WL 1489593 (Tex.App.--Austin June 23, 2005, no pet.) (applying rule).[3]

---

[2] Preservation of error is a systemic requirement courts of appeals must review sua sponte. *Hughes v. State*, 878 S.W.2d 142, 151 (Tex.Crim.App. 1992) (op. on rehearing).

[3] Consequently, we express no opinion whether a procedural modification like that ordered by the trial court here without a case-specific finding of its necessity encroaches on a defendant's Sixth Amendment rights. *Compare Conrad v. State*, 10 S.W.3d 43, (Tex.App.– Texarkana 1999, pet. ref'd) *and Carmona v. State*, 880 S.W.2d 227 (Tex.App.– Austin 1994), *vacated & remanded on other grounds*, 941 S.W.2d 949 (Tex.Crim.App. 1997) (both applying Sixth Amendment analysis from *Maryland v. Craig*, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990), to trial court's permitting family member to accompany witness to stand), *with In re D.T.C.*, 30 S.W.3d 43 (Tex.App.– Houston [14th Dist.] 2000, no pet.) (finding *Craig* analysis inapplicable in similar situation).

Appellant next argues the procedure impermissibly bolstered the children's testimony[4] and was effectively a comment on the evidence by the trial court.[5] He contends that by instructing the jury the volunteer was court-appointed it could have led the jury to infer the judge's endorsement of the testimony. Appellant cites article 38.05 of the Code of Criminal Procedure, which directs judges to refrain from commenting on the weight of evidence or making any remark calculated to convey to the jury the judge's opinion of the case. Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979). Appellant cites also *Hoang v. State*, 997 S.W.2d 678 (Tex.App.–Texarkana 1999, no pet.), which describes improper comments as including trial court statements implying approval of the State's argument and statements that, "however impartially they may have been made, may have led the jury to infer the judge's own opinion of the merits of the case." *Id*. at 681.

We find neither the use of the court-appointed volunteer, nor the court's instruction, to be improper comments on the evidence. The court told the jury why the volunteer was present and instructed them to place no significance on her presence. We do not agree the instruction implied the court's endorsement of the credibility of the six- and ten-year-old

---

[4] Bolstering occurs when the sole purpose of testimony is to enhance the credibility of another witness, without adding anything to the proof of a relevant fact. *Cohn v. State*, 849 S.W.2d 817, 819 (Tex.Crim.App. 1993). The presence of the CASA volunteer cannot be said to involve bolstering.

[5] The State points to appellant's failure to reassert his objection at the beginning of the testimony as to AH as a waiver of the objection. It cites authority holding that a party objecting to the admission of evidence must continue to object each time the objectionable evidence is offered, or else waive the objection. *See Fuentes v. State*, 991 S.W.2d 267, 273 (Tex.Crim.App. 1999). But the State cites no authority applying that rule to objections to a trial court procedure rather than an evidentiary ruling. The presence of the CASA volunteer was not evidence and the rule stated in *Fuentes* is inapplicable here.

witnesses, or otherwise conveyed the judge's own opinion of the merits of the case. *See Conrad*, 10 S.W.3d at 47 (rejecting a similar argument). We overrule appellant's second issue.

Appellant's third issue assigns error to the trial court's permitting SH to display a cross during her testimony. He argues the error further deprived him of his right of confrontation. As with his first issue, review of the record demonstrates the purported error was not preserved for review.[6] The third issue is overruled.

In his final issue appellant challenges the admissibility of testimony of Becky O'Neal, the sexual assault nurse examiner who examined AH. He argues the testimony was inadmissible because it failed to meet the test for reliability of scientific testimony adopted in *Kelly v. State*, 832 S.W.2d 568 (Tex.Crim.App. 1992), and included inadmissible hearsay. We overrule the issue.

Appellant's argument first focuses on O'Neal's testimony relating statements AH made at the time of her examination of the child. Review of the trial testimony reveals that, in response to a question on cross examination by appellant's counsel, O'Neal repeated the testimony concerning the child's statements to which appellant earlier had objected. Appellant having adduced the testimony, his hearsay objection is not preserved for review. *Reyes v. State*, 84 S.W.3d 633, 638 (Tex.Crim.App. 2002).

---

[6] We would be required to overrule the issue also because appellant's argument in support contains no citation to the record or supporting authority and presents no substantive discussion of how the witness's display of the cross deprived him of his right to confront the witness. *See* Tex. R. App. P. 38.1(h).

Appellant also presents argument addressing O'Neal's opinion testimony explaining why AH might not exhibit any physical evidence of some of the assaults she alleged. We find that even assuming the admission of the testimony was error,[7] it would not require reversal of the trial court's judgment, under the standard of Rule of Appellate Procedure 44.2(b). Under that standard we must disregard an error unless it affects a substantial right. *Id.* A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). The erroneous admission of evidence does not affect a defendant's substantial rights if after examining the record as a whole the reviewing court has a fair assurance the error did not influence the jury, or had but a slight effect. *Solomon v. State*, 49 S.W.3d 356, 365 (Tex.Crim.App. 2001).

Appellant argues the unreliable expert testimony "wholly misguided the jury to its verdict." The record does not support the assertion. O'Neal's opinion testimony concerned the absence of physical evidence of penetration of a five-year-old. Appellant was not charged with penetrating AH's genitals and the jury acquitted him of the charge involving penetration of her anus. As to AH, appellant was convicted only of indecency with a child.

---

[7] Appellant contends O'Neal's testimony was based only on a study performed by a Dr. Nancy Kellogg of some 36 pregnant adolescent girls. The State argues O'Neal's own experience provided a basis for her opinion. We need not address these contentions.

The record provides a fair assurance any error involved in the admission of the opinion testimony did not influence the jury in reaching its verdict.  We overrule appellant's fourth issue.   Finding no reversible error, we affirm both judgments of the trial court.


James T. Campbell
Justice


Do not publish.