NO.
12-06-00296-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

CHARLES THOMAS STRIBLING,            §                      APPEAL
FROM THE 159TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Charles
Thomas Stribling appeals his conviction for aggravated robbery.  On appeal, Appellant argues that the trial
court committed fundamental error by his comments to Appellant in the jury’s
presence.  We affirm.

 

Background

            Appellant
was charged by indictment with aggravated robbery, a first degree felony.[1]
Appellant pleaded “not guilty,” and the matter proceeded to a jury trial.  At trial, Appellant testified and was admonished
at least four times by the trial court regarding narrative responses to
questions from his own counsel and from counsel for the State.  On the second day of trial, during direct
examination, and approximately thirty-one pages of the reporter’s record into
Appellant’s testimony, the trial court instructed Appellant to “wait until a
question is asked and you may answer it.” Approximately six pages later, the
State objected to Appellant’s testimony as nonresponsive.  After the trial court sustained the
objection, Appellant stated that “[e]very time I tell the truth, I get objected
to.”  The trial court informed Appellant
that he must “quit talking” when “a lawyer stands up.”  Appellant stated that he understood the trial
court.  During its cross examination on
the second day, the State twice asked Appellant to abide by the question and
answer format.

            On
the third day of trial during cross examination, the State told Appellant that
it wanted him “to have adequate time to answer the questions,” but that the
cross examination would “go a lot faster and get over with if [Appellant] would
just listen to [his] question and answer it.” 
The State asked the trial court to instruct Appellant to answer the
question and then wait for the next question. 
In response, the trial court stated that “our rules of court and rules
of procedure do not permit someone just to talk in a narrative fashion, just
tell a story.”  Specifically, the trial
court informed Appellant that he was not “permitted just to tell a story, talk
endlessly,” but that he had to respond “specifically to a question” and “give a
specific answer.”  Appellant stated that
he understood.  Four pages later in the
reporter’s record, the trial court asked Appellant if he understood the last
question posed by the State.  After
Appellant replied that he did, the trial court reminded him to “[a]nswer that
question and that question only.”

            Approximately
six pages later, the following dialogue occurred between Appellant, Appellant’s
counsel, State’s counsel, and the trial court:

 

Q:            (by
State’s counsel) You’re telling the jury that this man in this condition jumps
up and just runs off down the road?

 

                A:            (by Appellant)  I told the truth. I’m telling the truth
today, and I said I would tell the truth.

 

                Q:            Sir —

 

                A:            Mr. Gore got up and ran.

 

                Q:            Mr. Stribling.

 

                                STATE’S
COUNSEL: Your Honor, I object.

 

                                THE
COURT: All right.  Mr. Stribling, do you
wish to continue to testify in this case, or do you want this case tried in
your absence?  Do you understand my question
to you, sir?

 

                                THE
WITNESS: Yes, sir.

 








                                THE
COURT: You are being noncompliant, and I will not permit you to continue that,
sir.  You do not turn and talk to that
jury unless you’re responding to a specific question with a specific answer,
not a narrative, story-telling response. 
Do you understand me, sir?

 

                                THE
WITNESS: Yes, I understand.

 

                                THE
COURT: I will not warn you again, sir. 
Now, do you understand the last question?

 

                                THE
WITNESS: Yes, I understand the last question. 
Yes, uh-huh.

 

                                THE
COURT: Answer that question and that question only in a specific fashion, not a
story-telling narrative.  You may
proceed.

 

                                STATE’S
COUNSEL: Thank you, Your Honor.

 

                                DEFENSE
COUNSEL: Could the question be reread, please?

 

                                THE
COURT: Certainly, Counsel.

 

                                DEFENSE
COUNSEL: Just so it’s clear in the record what the last question was.

 

                                THE
COURT: I’ll be glad to oblige you, Counsel.

 

 

            The
jury found Appellant guilty of aggravated robbery as charged in the indictment
and assessed Appellant’s punishment at twenty years of imprisonment.  This appeal followed.

 

Trial Court’s
Comments

            In
his sole issue, Appellant argues that the trial court committed fundamental
error by his comments to Appellant in the jury’s presence.[2]  Specifically, Appellant argues that the trial
court’s comments conveyed its opinion of the value of his testimony, were a
comment on the weight of his testimony and its bearing on the case, and implied
that both his testimony and demeanor were unacceptable.  The State contends that Appellant has waived
any error by his failure to object. However, even if Appellant did not waive
error, the State argues, no error was committed and the trial court’s remarks
did not pertain to the weight of the evidence.

Applicable Law

            Article
38.05 of the Texas Code of Criminal Procedure states that, in ruling upon the
admissibility of the evidence, the trial court shall not discuss or comment
upon the weight of the same or its bearing in the case, but shall simply decide
whether or not it is admissible.  Tex. Code Crim. Proc. Ann. art. 38.05
(Vernon 1979).  Further, the trial court
shall not, at any stage of the proceeding previous to the return of the
verdict, make any remark calculated to convey to the jury its opinion of the
case.  Id.  In other words, the trial court shall
maintain an attitude of impartiality throughout the trial.  Hoang v. State, 997 S.W.2d 678, 680
(Tex. App.–Texarkana 1999, no pet.). A trial court has broad discretion in
maintaining control and expediting the trial. 
Jasper v. State, 61 S.W.3d 413, 421 (Tex. Crim. App.
2001).  Rule 611 of the Texas Rules of
Evidence provides that a trial court shall exercise reasonable control over the
mode and order of interrogating witnesses and presenting evidence so as to (1)
make the interrogation and presentation effective for the ascertainment of the
truth, (2) avoid needless consumption of time, and (3) protect witnesses from
harassment or undue embarrassment.  Tex. R. Evid. 611(a); Hoang,
997 S.W.2d at 681-82.

Analysis

            Appellant
contends that the trial court’s comments were fundamental error and that no
objection was required to preserve such error. 
In Blue v. State, the court of criminal appeals held the
trial court’s statement to the venire that he preferred the defendant plead
guilty tainted the defendant’s presumption of innocence and was fundamental
error.  See Blue, 41 S.W.3d
129, 132 (Tex. Crim. App. 2000).  But Blue
is distinguishable from the instant case.[3]  Here, the trial court warned Appellant
repeatedly to conform to a question and answer format instead of responding to
questions in a narrative, story-telling manner. 
The trial court also informed Appellant that his answers were “noncompliant”
and that the trial would be conducted in his absence if he persisted. However,
the court made no reference, either directly or indirectly, to Appellant’s
guilt or innocence. Consequently, the court’s remarks were not a comment on the
weight of Appellant’s evidence or testimony.  See Martinez v. State,
147 S.W.3d 412, 420 (Tex. App.–Tyler 2004, pet. ref’d).  Instead, the trial court was attempting to
expedite and maintain control over the trial, and exercise reasonable control
over the mode and order of Appellant’s testimony and the presentation of
evidence.  See Jasper, 61
S.W.3d at 421; Hoang, 997 S.W.2d at 681-82.  Accordingly, we conclude that the trial court’s
comments, if erroneous, did not constitute fundamental error.

            Appellant
points out that Rule 103(d) of the Texas Rules of Evidence provides that in a
criminal case, “nothing in these rules precludes taking notice of fundamental
errors affecting substantial rights although they were not brought to the
attention of the court.”  Tex. R. Evid. 103(d). We note that the
aim of rule 103(d) is judicial efficiency in determining the admissibility of
evidence and preventing the suggestion of inadmissible evidence to the jury.  See Tex.
R. Evid. 103(d); Martinez, 147 S.W.3d at 420.  In this case, the trial court did not rule on
any evidence, admissible or otherwise. 

            Because
the error complained of by Appellant was not fundamental, Appellant was not
excused from the requirement that he object to preserve the error, if any, for
appellate review. Appellant concedes that he did not object to the trial court’s
comments.  Therefore, he has waived the
issue on appeal. See Tex. R. App.
P. 33.1(a)(1)(A).[4] 
Appellant’s sole issue is overruled.

 

Disposition

            The
judgment of the trial court is affirmed.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered July 18, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)











[1]
See Tex. Penal Code Ann. §
29.03(a), (b) (Vernon 2003).





[2]
Appellant acknowledges that he did not object to the trial court’s comments.





[3]
Since there is no majority opinion in Blue, it is not binding
precedent.  See Murchison v. State,
93 S.W.3d 239, 262 (Tex. App.–Houston [14th Dist.] 2002, pet. ref’d) (citing Pearson
v. State, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999)).  Even if it were, it would not affect our
analysis.  As Judge Keasler’s concurring
opinion in Blue indicates, the trial court’s remarks in Blue
reasonably could be interpreted as a predetermination of Blue’s guilt, thus
implicating the right to an impartial trial court.  See Blue, 41 S.W.3d at 135-139
(Keasler, J., concurring).  The trial
court’s comments in the instant case are not of this nature.  Therefore, Blue would not apply
to the facts of this case, even it if were binding precedent.  See Jasper, 61 S.W.3d at
420-22; Blue, 41 S.W.3d at 129-133; Murchison, 93
S.W.3d at 262.





[4]
As a prerequisite to presenting a complaint for appellate review, the record
must show that a complaint was made to the trial court by a timely request,
objection, or motion that stated the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to
make the trial court aware of the complaint.  Tex. R. App. P. 33.1(a)(1)(A).