

**NUMBER 13-09-00046-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

GILBERTO VILLARREAL,                                                                 **Appellant,**

**v.**

THE STATE OF TEXAS,                                                                    **Appellee.**

---

**On appeal from the 377th District Court
of Victoria County, Texas.**

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Gilberto Villarreal challenges his conviction by a jury for indecency with a child, for which he was sentenced to ten years' imprisonment. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp. 2009). By one issue, Villarreal complains that the trial court committed reversible error by commenting on the weight of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art 38.05 (Vernon 1979). We affirm.

## I. BACKGROUND[1]

On April 4, 2008, Villarreal was indicted for indecency with a child as follows: "that [Villarreal] . . . did then and there, with the intent to arouse or gratify the sexual desire of [Villarreal], intentionally or knowingly engage in sexual contact with [J.B.] by touching the genitals of [J.B.], a child younger than 17 years . . . ." Villarreal pleaded not guilty, and the case proceeded to a jury trial on November 4, 2008.

At trial, the State presented the testimony of, among others, eight-year-old J.B. and her brother, B.B.[2] At the conclusion of J.B.'s testimony, the trial judge stated, "[J.B.,] . . . you are pretty brave and you can step down." After B.B.'s testimony, the judge similarly commented, "[B.B.], I think you're pretty brave and you can step down. If you want to sit with your mom and dad you can do that."[3]

After considering the evidence, the jury returned a guilty verdict, convicting Villarreal of indecency with a child. The jury sentenced Villarreal to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice and assessed a $10,000 fine. This appeal ensued.

---

[1]Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2]Although B.B.'s exact age does not appear in the record, he testified that he is in elementary school.

[3]After B.B.'s testimony and the judge's statement, the trial court excused the jury for its morning break. After the jury left the courtroom, Villarreal objected as follows:

> Judge, at this time the defendant would object to the Court's making a comment–-after the second witness testified the Court made the comment that the Court felt that that witness was very brave in their [sic] testimony. The same comment was made on the last witness, the child witness, in regards to being a brave person, and we feel that that amounts to a comment on the weight of the evidence and so we would object to the Court in that respect. We would ask for a mistrial at this point.

The trial court denied Villarreal's motion.

2

## II. Comments on the Evidence

Article 38.05 of the code of criminal procedure provides that:

> In ruling upon the admissibility of evidence, the trial judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

*Id.*; *see Brown v. State*, 122 S.W.3d 794, 798 (Tex. Crim. App. 2003) (holding that a trial judge must refrain from making any remark calculated to convey his opinion of the case because jurors give special and peculiar weight to the language and conduct of the trial judge). To comply with this directive, a trial judge must limit his or her comments from the bench and must maintain an attitude of impartiality throughout the trial. *Strong v. State*, 138 S.W.3d 546, 552 (Tex. App.–Corpus Christi 2004, no pet.); *Hoang v. State*, 997 S.W.2d 678, 680 (Tex. App.–Texarkana 1999, no pet.). "A trial court improperly comments on the weight of the evidence if it makes a statement that implies approval of the State's argument, that indicates any disbelief in the defense's position, or that diminishes the credibility of the defense's approach to its case." *Hoang*, 997 S.W.2d at 681 (citations omitted). And to constitute reversible error, "any unauthorized comments must be reasonably calculated to benefit the State or prejudice a defendant's rights." *Strong*, 138 S.W.3d at 552 (citing *Guzman v. State*, 923 S.W.2d 792, 799 (Tex. App.–Corpus Christi 1996, no pet.)).

## III. Discussion

By his sole issue, Villarreal complains that the trial court committed reversible error by commenting on the weight of the evidence. Specifically, Villarreal asserts that the trial

3

judge's statement to B.B. after his testimony that B.B. was "pretty brave" was an improper compliment to the witness that amounted to a direct comment on the weight of the evidence and served only to "show the Judge's sympathy and intrinsic belief that the minor[] [was] telling the truth." Villarreal argues that the comment was material because the credibility of both child witnesses was fundamental to the State's case and, accordingly, prejudiced his right to a neutral and impartial judge. We disagree with Villarreal's initial contention—the trial judge's statement to B.B. was not an improper comment on the weight of the evidence.

"A judge can lawfully provide guidance and manage the presentation of evidence from the bench without abandoning his role as an independent arbiter." *Id.*, 138 S.W.3d at 552 (citing TEX. R. EVID. 611(a)). Here, it is clear from the record that the trial judge's comment to B.B. was part of a larger effort to make the child witness comfortable in the courtroom. Before B.B. began testifying, the trial judge engaged in the following colloquy with the child:

| The Court: | [B.B.]. |
| | Hi, [B.B.]. |
| The Witness: | Hi. |
| The Court: | How are you? |
| The Witness: | Good. |
| The Court: | What's going to happen now is you see the guy standing up there, Mr. Tyler [the prosecutor]? |
| The Witness: | Yes. |
| The Court: | He's going to ask you some questions and you're—-you have to answer those questions. |

4

|  |  |
|---|---|
|  | And then you see Mr. Luna [defense counsel] over here, see the gentleman right here? |
| The Witness: | Yes. |
| The Court: | If he wants to, he can ask you some questions, but he may not. I don't know what he'll do. Okay?<br><br>It's really important that you not talk while Mr. Tyler is talking, because the lady in the brown suit right there in front of you, see her fingers working there, she's writing down everything that we say, and if two of us start talking at the same time then she can't do that. Okay. |
| The Witness: | (Nods head affirmatively.) |
| The Court: | You have to say yes. |
| The Witness: | (Nods head affirmatively.) |
| The Court: | Yes? |
| The Witness: | Yes. |
| The Court: | Okay. And she also can't write down when you nod your head and shake your head, okay? So you have to say yes or no or some other kind of answer. All right? |
| The Witness: | Okay. |
| The Court: | You see the lady in the blue denim jacket back there in the jury box? |
| The Witness: | Uh-huh. |
| The Court: | You have to talk loud enough for her to hear you. |
| The Witness: | Okay. |
| The Court: | So when [J.B.] comes in your room and messes with your stuff, you might have to talk that loud, okay? . . . Do you talk loud to her when she does that? |
| The Witness: | Uh-huh. |

5

| | |
|---|---|
| The Court: | Okay. So if you–-you have to talk loud so that–-just like you would talk to [J.B.] if she was messing with your stuff and you didn't want her to. Okay. |
| The Witness: | Okay. |
| The Court: | Will you do that for me? |
| The Witness: | Yes.[4] |

In the context of the foregoing, we cannot conclude that the trial judge's comment to B.B. that he was "pretty brave" and, if he wanted, could now go sit with his mom and dad implied approval of the State's argument, indicated disbelief of the defense's position, or diminished the credibility of the defense's approach. *See Hoang*, 997 S.W.2d at 681. The trial judge's comment cannot be read separately from the understanding that B.B. was an elementary-school-age child at the time of trial. *See In re J.G.*, 195 S.W.3d 161, 178 (Tex. App.–San Antonio 2006, no pet.) (noting that the trial judge's statement to a child witness that the witness had done "very good" could not be properly understood without also considering the child's age at the time of his testimony). When considered together, the trial judge's conversation with B.B. prior to his testimony and final comment to B.B. before he left the stand were clearly meant to assist a child witness and ease his apprehensions about testifying. *See id.* In so commenting, the judge maintained an impartial attitude and did not abandon his role as the neutral adjudicator in the case. *See Strong*, 138 S.W.3d at 552; *Hoang*, 997 S.W.2d at 680. We therefore conclude that the trial judge's statement

---

[4]The trial judge had a similar conversation in a similar tone with J.B. before her testimony. He introduced her to both the prosecutor and Villarreal's attorney and explained that J.B. had to speak loudly and answer the questions audibly so that the court reporter could record the proceedings.

to B.B. was not an improper comment on the weight of the evidence.  *See* TEX. CODE CRIM.

PROC. ANN. art. 38.05.  Villarreal's sole issue is overruled.[5]

## IV. CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
22nd day of April, 2010.

---

[5]By his first issue, Villarreal also complains of the similar comment made by the trial judge to J.B. However, Villarreal failed to timely object to this comment.  It is true that in some circumstances, a trial court's comment on the evidence can be fundamental error of constitutional dimension, which would require no objection to preserve the issue for appellate review.  *See Blue v. State*, 41 S.W.3d 129, 131-32 (Tex. Crim. App. 2000) (plurality op.) (holding that where the trial judge's comments tainted the court's presumption of innocence before the jury, the comments were fundamental errors of constitutional dimension requiring no objection).  Here, the comment made by the trial judge to J.B. following her testimony was not indicative of bias or prejudice and did not otherwise taint Villarreal's presumption of innocence; the judge made no remark regarding Villarreal's guilt or innocence.  *See Murchison v. State*, 93 S.W.3d 239, 262 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd) (holding that *Blue* does not apply where the trial court's comments do not amount to a predetermination of the defendant's guilt and a defendant must still object to preserve the issue for appeal); *see also Anderson v. State*, No. 13-03-00493-CR, 2004 WL 3211567, at *2 (Tex. App.–Corpus Christi July 1, 2004, no pet.) (memo. op., not designated for publication) (same).  Therefore, Villarreal was required to object, and his failure to do so precludes our review of the issue on appeal.  *See* TEX. R. APP. P. 33.1(a); *Gibbs v. State*, 7 S.W.3d 175, 178 (Tex. App.–Houston [1st Dist.] 1999, pet. ref'd) (holding that a defendant does not preserve his right to complain of a trial court's comments on evidence if he fails to object to the court's comments); *Lookingbill v. State*, 855 S.W.2d 66, 77 (Tex. App.–Corpus Christi 1993, pet. ref'd). Regardless, we note that even if Villarreal had preserved error, the foregoing law and analysis regarding the trial judge's comment to B.B. would apply.  *See In re J.G.*, 195 S.W.3d 161, 178 (Tex. App.–San Antonio 2006, no pet.); *Strong v. State*, 138 S.W.3d 546, 552 (Tex. App.–Corpus Christi 2004, no pet.).

7